## NASH v. HERMOSILLA.

Where A agreed with his tenant, who was occupying a wooden building, that if he would give up his lease, A would erect a brick building, to cover such portion of the lot as would be satisfactory to the tenant, and would give him possession within three weeks, and a lease of the premises for six months, with the privilege of twelve months, or on failure so to do, would pay the tenant five hundred dollars damages : *Held*, on breach of the contract on the part of A, that the sum named was a penalty, and not liquidated damages.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

This was an action for damages upon a breach of contract on the part of defendant. The plaintiff was a tenant of defendant, occupying a wooden house, and defendant wishing to erect, on the lot so occupied by plaintiff, a brick building, made with the plaintiff the following written agreement :

" Know all men by these presents, that I, Rosa Hermosilla, of Sacramento city, California, in consideration of the giving up of a lease, now held by John Nash, of same city, to a wooden building situated on J street, south side, No. 220, next to the corner of Eighth street, owned by me, do promise, well and faithfully to perform, to wit : erect a brick building to cover the lot, or such portion of lot, now occupied by aforesaid Nash, as will be satisfactory to him, and the said Nash to have possession within three weeks ; and on completion, the aforesaid party is to have possession for six months, with the privilege of twelve months or more, and in case of failure on my part to fulfill my promise as above, I will pay the said Nash the sum of five hundred dollars damages.         (Signed)                    ROSA HERMOSILLA.
" Witness, THOS. M. SMITH."

The plaintiff accepted the contract, and vacated the premises. The building was not completed within the agreed time, and plaintiff was kept out of possession for the period of three weeks beyond the time agreed upon.

The case was tried in the Court below before a jury.   The jury failing to agree upon a verdict, by consent a verdict was returned in favor of plaintiff for one dollar's damages, subject to the opinion of the Court, whether the sum stated in the instrument sued upon, was for liquidated or unliquidated damages.   The Court decided that the amount named was not liquidated damages, and plaintiff appealed.

*J. H. McKune* for Appellant.

The obligation sued on is for liquidated damages, to be paid absolutely if she failed.

In Aylett *v.* Dodd, 2 Atk., 238, the words were, "if either of the payments should be in arrear forty-two days after it became due, then five shillings per week was allotted by way of *nomine pœna : Held*, the whole penalty should be collected.

In Lowe *v.* Pells, 4 Burrows, the words were, "I do promise said Catherine Lowe that I will not marry with any person besides herself; if I do, I agree to pay to said Catherine one thousand pounds :   *Held*, that the jury could find neither more nor less damages than one thousand pounds."

In Fletcher *v.* Dyck, 2 Term Reports, 32, the obligor bound himself to perform ironmonger's work mentioned in a certain estimate, and to provide all the material thereof within six weeks, at a fixed price, and if the obligor should make default, or should neglect to do the said smith's and ironmonger's work, within the time limited, the obligor should well and truly pay the sum of ten pounds for every week, etc. :   *Held*, damages were liquidated.

In Green *v.* Price, 13 Meeson & Welsby, 695, B covenanted not to carry on the trade of perfumer in London, nor within six hundred miles of London, and for the observance of his covenant he bound himself in the sum of five thousand pounds liquidated damages :   *Held*, that the covenant was devisable, and was good, so far as it related to London, though void as to the six hundred miles, and that a branch where defendant carried on the trade of perfumer in the city of London entitled the plaintiff to recover the entire sum of five thousand pounds.

In Barton *v.* Glover, the words were, "each party agrees to bind himself to the other, in the sum of five hundred pounds, to be considered and taken as liquidated damages :" *Held*, the whole must be received for breach.

In Slasson *v.* Bradle, 7 John., 72, the defendant, in consideration of five hundred dollars, received for fifty acres of land, agreed with the plaintiff to convey said land by good warranty deed before the first of August then next ensuing, or in lieu thereof to pay the plaintiff eight hundred dollars :   *Held*, liquidated damages.

In Smith *v.* Smith, 4 Wendell, 468, the plaintiff declared on a

bond in the penal sum of ten thousand dollars, dated April 12, 1827, conditioned that the defendant would not locate himself and practice as physician and surgeon in a certain village named, for the space of ten years, and if he should so locate or practice, he would pay the plaintiff on demand five hundred dollars for each and every month he should so practice : *Held*, that the damages were liquidated.

In Williams v. Dakin, 22 Wendell, 201, the plaintiff gave three thousand dollars for the good-will of a newspaper, and five hundred dollars for types and printing apparatus, and the vendors (defendants) covenanted that they would not publish, or aid, or assist in publishing, a rival paper, and fixed the measure of damages at three thousand dollars for a violation of their covenant.

In the above-mentioned case, the doctrine of liquidated and unliquidated damages was much discussed, and it is submitted that the case of Nash v. Hermosilla falls clearly within the rule laid down in Williams v. Dakin.

In the case of the California Steam Navigation Company against Wright, 6 Cal. R., 258, the case of Williams v. Dakin is cited and approved, and an agreement, nearly in the same terms used in the bond sued on in this case, is held to be for liquidated damages.

*Cross & Marshall* for Respondent.

1. When several covenants are to be performed, and a large sum is named at the end of the covenants to be paid upon the breach of performance of either, it must be considered as a penalty. Chitty on Contracts, 758 ; 2 Greenleaf on Evidence, 268, § 253.

The sum of $500 was intended as collateral security for the faithful performance of the several promises mentioned in the agreement, and must be considered as a penalty. Moore v. Platte Co., 8 Missouri, 267 ; 2 Greenleaf's Evidence, 268, § 258.

The intention of the parties was to secure to the plaintiff the possession of the brick store within a reasonable time, which was the principal object, and the enjoyment of that object must be considered as the principal intent of the agreement, and the $500 a penalty. Spencer v. Tilden, 5 Cowen's Rep., 144, and note B on p. 150 ; Dennis v. Cummins, 3 Johns. Cases, 297.

When a sum of money in gross is to be paid for the non-performance of an agreement, it is considered as a penalty. Tayloe v. Sandiford, 7 Wheaton, 13.

The only breach assigned by the plaintiff is that the defendant failed to give him possession in three weeks, then the only damage sustained by the plaintiff would be the amount of rent that he paid, above the amount he agreed to pay the defendant during the time he was kept out of possession beyond the three weeks mentioned in the agreement. That amount a jury could

ascertain with a reasonable certainty, therefore the gross sum of $500 must be considered as a penalty.  Hoag *v.* McGinnis, 22 Wendell, 163 ; Spear *v.* Smith, 1 Denio, 464.

The gross sum of $500 mentioned, will not, of course, be considered as liquidated damages, and it will be incumbent on the party claiming them as such, to show that they were so considered by the contracting parties.  This has not been shown, and the amount stated must be considered as a penalty.  Tayloe *v.* Sandiford, 7 Wheaton, 13.

In general it is the tendency and preference of the law to regard a sum stated to be payable if a contract is not fulfilled, as a penalty, and not as liquidated damages, because then it may be apportioned to the loss actually sustained.  Moore *v.* Platte Co., 8 Missouri Rep., 467.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The cases upon this subject are numerous, and it is difficult to deduce from them any certain and definite rule.  In fact, the transactions of individuals are so various, and the circumstances of many cases so peculiar, that no certain rule can be adopted for all cases.  But, from the decisions, the following results seem to be substantially correct :

1. When the party stipulates to pay a stated sum for a given period of time during the continuance of the failure, then the damages are to be considered as liquidated.  (Aylet *v.* Dodd, 2 Atk., 238 ; Fletcher *v.* Dyck, 2 Term R., 32 ; Smith *v.* Smith, 4 Wend., 468.)

2. When the agreement is not to carry on trade at a particular place ; not to run a stage-coach on a particular road ; not to publish a rival newspaper ; not to run a rival steamer on a particular route.  In all these cases, the sum stated must be taken as liquidated damages.  (Green *v.* Price, 13 Meeson & W., 695 ; Leighton *v.* Wales, 3 ib., 545 ; Williams *v.* Dakin, 22 Wend., 401 ; Cal. Steam Nav. Co. *v.* Wright, 6 Cal., 258.)

3. When the party stipulates to marry no other person ; to convey land or pay a named sum, the price of the land having been received by him ; the damages are liquidated.  (Lowe *v.* Peers, 3 Burr., 225 ; Slasson *v.* Beadle, 7 John., 71.)

4. When a named sum is to be paid for every acre of land ploughed up contrary to agreement ; when a stated sum is to be paid for each article not delivered ; the damages must be considered as liquidated.

5. When the party stipulates to erect a building in a particular manner, within a given time, and upon failure to pay a named sum, it must be considered in the nature of a penalty.  (Tayloe *v.* Sandiford, 7 Wheaton, 13 ; Moore & Hunt *v.* Platte County, 8 Mo., 467.)

In Taylor *v.* Sandiford, Chief Justice Marshall said : "In general, a sum of money in gross, to be paid for the non-performance of an agreement, is considered as a penalty. * * It will not, of course, be considered as liquidated damages; and it will be incumbent on the party who claims them to show that they were so considered by the contracting parties."

The present case seems to fall within the rule applicable to building contracts. In this case, the defendant stipulated that she would erect a brick building to cover such portion of the lot as would be satisfactory to plaintiff, and give him possession within three weeks; the plaintiff to have possession for six months, with the privilege of twelve months, or more ; and upon failure to perform the agreement, she was to pay to plaintiff the sum of five hundred dollars damages.

It will be seen that there are several things for the defendant to do, a failure to perform any one of which would have been a violation of the agreement. If the building had been erected upon a portion of the lot not satisfactory to the plaintiff, or the house not finished for a single day beyond the stipulated time, the defendant would have been liable for the whole sum, upon the theory of the plaintiff's counsel. So, too, if the plaintiff had been disturbed in his possession for one day, during the term of six months, or denied the privilege of the additional term. There is no statement in the agreement that the sum was to be taken as liquidated damages. If the defendant had failed to erect a suitable brick building, although finished within the time specified, it would have been a violation of the contract.

We are of opinion that the damages mentioned were not liquidated, but a mere penalty to secure the performance of the contract, or the payment of such damages as the plaintiff might be entitled to under the circumstances. In building contracts, it may be difficult to say what amount of injury the plaintiff has sustained by reason of the non-completion of the building within the exact time stated. And yet this difficulty in ascertaining the amount of the injury occasioned by the delay, has not induced the Courts, in such cases, to consider the sum as liquidated damages.

Judgment affirmed.