# THOMAS B. TROWER *et al.*

*v.*

## WILLIAM ELDER.

1. PENALTY—*liquidated damages.* Where there are several covenants or stipulations in an agreement, the damages for the non-performance of some of which are readily ascertainable by a jury, and the damages for the non-performance of the others are not measurable by any exact pecuniary standard, and a sum is named as damages for a breach of any of the covenants or stipulations, such sum is merely a penalty to secure the performance of the entire contract, and not liquidated damages, to be recovered for the breach of a single stipulation.

2. CONTRACTS—*recitals or preamble prefixed to—effect of.* The recitals or preamble prefixed to an agreement, do not, of themselves, have any obligatory force; but they may be referred to, in the operative part of the instrument, in such way as to show it was designed they should form a part of it.

3. SAME—*construction of.* A and B entered into a contract as follows: Whereas, A has this day sold all his business, interest, influence and patronage in the banking business, and also his bank safe, together with all the fixtures pertaining to the business of banking, at M, etc., and he also agrees not to engage in the banking business in said M, for which franchises, benefits and privileges, B pays to A the sum of $1250, and said A, on his non-compliance with the foregoing recited engagements, forfeits three-fold the amount paid to him by B, as damages for such non-compliance: *Held,* that the bank safe, fixtures, etc., were sold in connection with the banking business, interest, patronage, etc., and that the undertaking by A not to engage in the banking business was a part of the same contract, and that the safe and fixtures formed part of the consideration for which the $1250 were paid.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

This was an action of covenant, by plaintiffs in error against defendant in error. The only breach is, "that whilst the plaintiffs were engaged in the business of banking, in Sullivan, on, to-wit, the 1st day of March, 1872, to-wit, at the county aforesaid, the said defendant did engage in the banking business in said town of Sullivan, and hath from that day, and on divers days and times between that day and the commencement of this suit, received of divers persons money on deposit, subject to be drawn out upon checks, and gave, from time to time, during the time aforesaid, certificates of deposit to sundry and divers persons making deposits as aforesaid, and hath, from time to time, during the time aforesaid, loaned to divers persons money so deposited with him as aforesaid, contrary," etc.

Judgment for plaintiff below for $1 and costs.

Agreement between the parties, as follows:

"State of Illinois,  } In circuit court, to the October term,
  *Shelby County.*     }          A. D. 1874.

*Thomas B. Trower and Xavier B. Trower* v. *William Elder.*

"It is mutually agreed by the parties to this suit, that the said William Elder made a bond to the plaintiffs, which is in the words and figures following:

"Sullivan, Ill., Feb. 8, 1872.

"Article of agreement between William Elder, of Sullivan, Moultrie county, Illinois, of the first part, and Thomas B. Trower & Son, of Charleston, Coles county, Illinois, of the second part. Witnesseth:

" Whereas, William Elder, party of the first part, hath this day sold all his business, interest, influence, and patronage in the banking business, and also his bank safe, together with all the fixtures pertaining to the business of banking, in the town of Sullivan, Moultrie county Illinois, and he also agrees, and hereby binds himself, not to engage in the banking business in said town of Sullivan, Illinois. For which franchises, benefits and privileges, the said T. B. Trower & Son, parties

of the second part, pay unto the said William Elder, the sum of $1250, the receipt whereof is hereby acknowledged, and the said William Elder, party of the first part, on his non-compliance with the foregoing recited engagements, forfeits threefold the amount paid to him by the said T. B. Trower & Son, as damages to them for such non-compliance: Provided, however, the said William Elder has the liberty of loaning his money and buying notes as any other individual.

" In testimony whereof we have hereunto set our hands and seals, the day and year above written.

| | | |
|---|---|---|
| "Signed: | WILLIAM ELDER, | [SEAL.] |
| | THOS. B. TROWER, | [SEAL.] |
| | X. B. TROWER, | [SEAL.] " |

And, after making said bond, the said Elder delivered to the said plaintiffs the safe and fixtures in said bond mentioned. And it was further agreed, that the said Elder, after the making of said bond, did issue a few certificates of deposit, and paid a few drafts drawn upon him by third persons in the town of Sullivan, Illinois; and that for a few months, the said Elder kept an office, or place of doing business, in the town of Sullivan, Illinois; and that such certificates of deposit and checks were such as bankers usually use, and that banker's checks were drawn upon said Elder, and paid, after the delivery of said bond, in the same town of Sullivan, and that the plaintiffs commenced banking there, after the delivery of said bond.

The court, from the above facts, finds that there was a breach of said bond, and finds that the amount mentioned in said bond is not liquidated damages, but that the same is a penalty, and that plaintiffs are entitled to nominal damages, viz: $1.

It was further agreed, that this case should be taken to the Supreme Court, and heard and determined upon the above state of facts, and judgment to be entered in the Supreme Court in accordance with their decision, or, if remanded by the Supreme Court, then judgment to be entered in the cir-

cuit court in accordance with the decision and opinion of the Supreme Court, or a trial may be had.

Mr. ANTHONY THORNTON, for the plaintiffs in error.

Messrs. HENRY & PENWELL, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is not contested, if the clause in the agreement providing for the forfeiture of threefold the amount paid, as damages, relates as well to the sale of the bank safe and fixtures, as to the agreement not to engage in the banking business in the town of Sullivan, the sum named must be held to be a penalty to secure the performance of the entire contract, and not liquidated damages, to be recovered for the breach of a single stipulation. This is in accordance with the well established rule, that where there are several covenants or stipulations in an agreement, the damages for the non-performance of some of which are readily ascertainable by a jury, and the damages for the non-performance of the others are not measurable by any exact pecuniary standard, and a sum is named as damages for a breach of any of the covenants or stipulations, such sum is held to be merely a penalty. *Astley* v. *Weldon*, 2 Bosanquet and Puller, 346, 353; *Davies* v. *Panton*, 6. Barnwell and Cresswell, 216, 264; *Crisdee* v. *Bolton*, 6 Carrington and Payne, 240, 243; *Wall's Exrs.* v. *Shepherd*, 2 Ala. 425; *Rivers* v. *Ransom*, 18 Barb. 51; *Berry* v. *Wisdom*, 3 Ohio St. 241; *Lampman* v. *Cochran*, 16 N. Y. 275; *Foley* v. *McKeegan*, 4 Iowa, 1; *Bayse* v. *Anderson*, 28 Mo. 39; *Higginson* v. *Weld*, 14 Gray, 165; *Nash* v. *Hermosilla*, 9 Cal. 584; *Hamilton* v. *Overton*, 6 Blackford, 206; *Dailey* v. *Litchfield*, 10 Mich. 29; *Carpenter* v. *Lockhart*, 1 Ind. 434.

The language of the clause is: "And the said William Elder, party of the first part, on his non-compliance with the foregoing recited engagements, forfeits threefold the amount

paid to him by the said T. B. Trower & Son, as damages to them for such non-compliance."

It is true, as argued by counsel, the recitals, or preamble, prefixed to an agreement, do not, of themselves, alone, have any obligatory force; but they may be referred to in the operative part of the instrument in such way as to show it was designed they should form a part of it; and this we conceive to be the case in the present instance.

What are "the foregoing recited engagements," upon non-performance of which the forfeiture is to be incurred? The recitals immediately preceding are, "that William Elder, party of the first part, hath this day sold all his business, interest, influence and patronage in the banking business, and also his bank safe, together with all the fixtures pertaining to the business of banking, in the town of Sullivan, Moultrie county, Illinois, and he also agrees, and hereby binds himself, not to engage in the banking business in said town of Sullivan, Illinois. For which franchises, benefits and privileges, the said T. B. Trower & Son, parties of the second part, pay unto the said William Elder the sum of $1250."

The words, "and also his bank safe, together with the fixtures," etc., show, as plainly as words can, that these articles *were sold* in connection with the banking business, interest, patronage, etc.; and the words, "he also agrees and binds himself not to engage in banking," etc., as clearly show that this undertaking was a part of the same contract.

But, it is argued, the bank safe and fixtures were too trifling and insignificant to have any value affixed to them, and that they do not constitute any part of the consideration for which the $1250 were paid.

The payment of the $1250, manifestly, could not have been solely in consideration of the undertaking to not engage in banking, since the language of the agreement is, that it was for certain "franchises, benefits and privileges." What was intended by the use of these terms, is apparent from the connection in which they occur. As will be remembered, they

immediately succeed the recital of the things sold, and what is to be done by Elder. They are prefixed by the words, "for which," thus showing that they were used as synonymous with that which was previously recited. Although this may be an inapt description of tangible property, yet, as the safe and fixtures were a part of that which was sold by the agreement, it must have been intended they were included within it.

But, again, if it be true the safe and fixtures were of no value, why were they mentioned in the agreement? The language of the agreement itself, forbids this supposition. It says they were *sold.* If there was a sale, there must, necessarily, have been a price agreed upon, in some form, as to their value; and whether it was much or little, whatever it was, it formed so much of the consideration for which the $1250 were paid. We can neither indulge in presumptions, nor judicially know that the safe and fixtures were not an important part of that consideration.

Entertaining these views, it follows the judgment must be affirmed.

*Judgment affirmed.*