J. T. McINTOSH, Respondent v. A. B. JOHNSON, Appellant.

Damages.— Bond.— Liquidated.—When the damages are of that nature that they cannot be reasonably ascertained by evidence, the amount named in the bond shall be taken as the true measure of damages, but where the actual damages can be reasonably arrived at by evidence, the plaintiff for the breach of the condition of the bond can recover only the damages actually suffered.

Id.— Id.— Bond to Convey Land.—Where a bond in a certain sum is given that the obligor will convey certain land, and the obligor fails to convey. but the land is worth less than the penalty named in the bond, such an amount is a penalty and not liquidated damages, and the damages must be proven.

Appeal from a judgment upon the pleadings in the district court of the first district. The opinion states the facts.

Blackburn, J.:

The complaint and amended answer are as follows:

"[Title of court and cause.]

"Plaintiff complains of defendant, and for cause of action alleges: (1) That the defendant in consideration of six hundred ($600.00) dollars, on or about the ——— day of March, 1891, made, executed, and delivered to the plaintiff a certain instrument in writing, in the words and figures following, to wit:

"'Bond for Deed. Know all men by these presents that A. B. Johnson of Weber county, Utah Territory, of the first part, is held and firmly bound unto J. T. McIntosh, trustee for Helen A. Elliott, of Chico, California, in the sum of six hundred dollars. The condition of the above

obligation is such that said party of the first part has agreed to grant, sell, and convey unto the said party of the second part the following described real estate, situate in Weber county, Utah Territory, to wit: Lots six (6), seven (7), and eight (8), in block twenty (20), in Nelson's Park addition to Ogden City, for the sum of six hundred dollars, to be paid as follows: The above-described lots are given in part payment for a colt known as 'Byron,' and deed is to be made when balance of mortgage on them is due and paid, which A. B. Johnson agrees to pay off on or before May 10, 1891. Now if the said party of the first part shall, on or before the 10th day of May, A. D. 1891, execute and deliver to said party of the second part a good and sufficient warranty deed, conveying an absolute and indefeasible estate in fee simple, with the usual covenants, in and to said tract or parcel of land, then this obligation shall be void; otherwise to remain in full force and effect. In witness whereof the said party has hereunto set his hand, this 7th day of March, A. D. 1891.

"'A. B. Johnson.

"'Signed in the presence of C. E. Brainard.'

"(2) That said defendant did not execute and deliver to the plaintiff a good and sufficient warranty deed, conveying absolute title and indefeasible estate in fee simple to said property on the 10th day of May, 1891, nor since said date, as provided in said instrument in writing, but has wholly failed in that regard although often requested so to do. (3) That by the terms of said written instrument the defendant became indebted to the plaintiff in the sum of six hundred dollars on the 10th day of May, 1891, on defendant's failure to make the conveyance as in said instrument of writing provided. (4) That at the time of making said instrument of writing herein set forth the plaintiff had duly performed all the conditions and covenants thereof on his part. (5) That the defendant has not

paid the said six hundred dollars, nor any part thereof, wherefore plaintiff demands judgment against said defend-ant in the sum of six hundred dollars, with interest and costs.                     "Painter & Murphy,
                          "Attorneys for Plaintiff.

"Territory of Utah, } ss.
  "County of Weber, }

"J. T. McIntosh, being first duly sworn, on oath says that he is the trustee for Helen A. Elliott in the action hereinbefore entitled; that he has heard read the forego-ing complaint, and that it is true of his own knowledge.
                          "J. T. McIntosh.

"Subscribed and sworn to before me this 2d day of November, 1891.          "[ l. s. ]  J. S. Painter,
                          "Notary Public."

  "Indorsed:
  "[Title of court and cause.]
  "Filed November, 1891.          "C. H. McClure,
                          "Clerk.
  "By L. B. Best, Deputy."

  "Amended answer.
  "[Title of court and cause.]
  "Now comes the said defendant, and by leave of court first had and obtained, and files this, his amended answer, and, answering the said plaintiff's complaint on file, says: (1) Defendant denies that the said plaintiff often, or at any time or at all, requested this defendant to make, execute, or deliver to him a warranty deed for the property .men-tioned and described in said bond for title, as set out in said plaintiff's complaint. (2) Defendant denies that, in consideration of the sum of six hundred ($600) dollars; or in any other sum whatever, or at all, except as herein-after stated and admitted, on or about the —— day of March, 1891, he made, executed, or delivered to the said plaintiff a certain or any written instrument, as set forth

in the said plaintiff's complaint. (3) Defendant admits that he did not make, execute, or deliver to the said plaintiff a good and sufficient warranty deed, conveying an absolute and indefeasible estate in fee simple to the said property on the said 10th day of May, 1891. Defendant alleges that the time named in the said bond for title was not at all material, and that time, as therein used, was not of the essence of the contract. Defendant further alleges and shows that within a few days after the said 10th day of May, 1891, he met the said plaintiff in the city of Ogden, and said to him that he, the said defendant, could not get a deed, and that he could not deliver to him, the said plaintiff, a deed for the said lots mentioned and described in the said bond for title, for the reason, and because of the fact, that one Archie Fisk, who then held the legal title to the said premises, lived and was then and had been in the city of Denver, in the state of Colorado, and that said Fisk had been delaying the execution and delivery of the said deed to defendant. Thereupon the said plaintiff said to this defendant to get his said deed from the said Fisk as soon as he could do so, and it was then and there agreed between the said plaintiff and this defendant that he, the said plaintiff, would wait for his said deed as called for in said bond for title till such time as he, this defendant, could get the said Fisk to make and deliver a deed for said premises to this defendant. Defendant further alleges that he at all times since then used his utmost endeavors and the utmost diligence to get the said deed for the said premises from the said Fisk, and that he was, notwithstanding this fact, not able to obtain said deed from the said Fisk till since the commencement of this action. Defendant, further answering, says that he has now obtained a good and sufficient general warranty deed from the said Fisk, conveying to him the absolute fee-simple title to the said premises mentioned and described in the said bond for title, free and

unincumbered, and that he, the defendant herein, is now ready and willing to make and deliver to the said plaintiff just such a deed as is called for in said bond for title, and to convey to said plaintiff a good and sufficient general warranty deed in fee simple absolute, free and unincumbered, to the whole of the said premises described in said bond for title; and he herewith tenders the same, properly signed and acknowledged, as required by law, with his answer to the said· plaintiff, as called for in said title bond. (4) Further answering, this defendant says he denies that he has now, or at any other time or at all, failed to comply with the requirements of the said bond for title; denies that he has wholly or at all failed in that regard; denies that he has ever, often, or at all, been requested so to do. (5) Defendant denies that by the terms or that by virtue of the said written instrument he ever or at all became, or that he was ever or at all, indebted to the said plaintiff in the sum of six hundred dollars, or in any other sum whatever, or at all, except as hereinbefore stated; denies that by reason of the said alleged failure on the part of this defendant to make, execute, and deliver the said deed on the said 10th· day of May, 1891, or at any other time; or at all, as in said instrument of writing provided, this defendant ever or at all became or was indebted to the said plaintiff in the sum of six hundred ($600) dollars, or in any other sum whatever, or at all. (6) Further answering, defendant says that, at the time of the execution of the said bond for title, this defendant had not the legal title to the said premises, and could not convey any title to the plaintiff, and this fact was well known to the said plaintiff, and the said contract to convey the said premises to the said plaintiff was acquiesced in by the plaintiff, and he entered into said contract with full and actual knowledge of the fact that this defendant had to thereafter obtain the title to said premises from the said Archie Fisk. (7) Further

answering, defendant says that at the time of the making and entering into the said bond for title to said premises, and the purchase of the said colt Byron from the said plaintiff, the defendant executed the said bond as set forth in the said complaint for the said premises, but the real and actual consideration was only three hundred ($300) dollars, and not six hundred ($600) dollars, as fictitiously inserted in the said bond; that in no event and under no consideration was defendant ever to pay the said sum of six hundred ($600) dollars, and this fact was well known and well understood by the said plaintiff; that the sum of three hundred ($300). dollars was the real and actual price to be paid for the said premises described in the said bond for title, and this fact was well known and thoroughly understood by the said plaintiff. Defendant says that it would be unjust and inequitable to hold him for the said sum of six hundred ($600) dollars, or any part thereof, and especially as he is now ready and willing to comply with all the conditions of the said bond for title. And, having fully answered, defendant prays the court for a decree adjudging that time was not of the essence of the said contract, and that plaintiff be required to accept the said deed herewith tendered to the said plaintiff, conveying to him the title to the premises called for in the said bond for title, and that said cause be dismissed, and that defendant recover all costs in this behalf expended, or, in case the court should find that the plaintiff is entitled to recover on said bond, that said recovery be limited to three hundred dollars, and for such other and further relief as may be just and equitable.

> "H. H. HENDERSON,
>
> "Attorney for Defendant.

"TERRITORY OF UTAH, } ss.
    "County of Weber.   }

"H. H. Henderson, being duly sworn, says: I am the attorney of record for the defendant in the above-entitled

action: that I have read the foregoing answer, and know the contents thereof; that the statements therein contained and made on my own knowledge are true, and those made on information and belief I believe to be true. The reason this verification is not made by the said defendant in person is because he is now not in the Territory of Utah, where this action is pending, and where affiant resides and has his office. Affiant's information is derived from conversations had with said defendant and from other sources deemed reliable.            "H. H. Henderson.

"Subscribed and sworn to before me this 10th day of February, 1892.            "Morton V. Gilbert,

    [L. S.]                        "Notary Public."

"Indorsed:

"[Title of court and cause.]

"Amended answer. Filed February 13, 1892.

                    "C. H. McClure, Clerk.

"H. H. Henderson, Attorney for Defendant."


The plaintiff made a motion for judgment on the pleadings. The court sustained the motion, and gave judgment for plaintiff for the sum of $600 and interest and costs, to which order and judgment the defendant duly excepted, and appeals to this court. The defendant assigns several errors. The only one which we deem it necessary to notice is that the court treated the amount mentioned in the bond as liquidated damages, when it should have been held to be only a penalty, and the plaintiff should have recovered only the damage he actually suffered. We think this error is well taken, and that the defendant was entitled to have a jury assess the actual damages. The amount named in the bond sued upon is a penalty, and not stipulated damages. 1 Suth. Dam. 489. There is a great conflict and confusion in the authorities in cases like this, as to whether the amount mentioned in the bond can be recovered on a breach of

its conditions, or only the actual damages, but we think the following rule may be stated as the law deduced from all the modern decisions: When the damages are of that nature that they cannot be reasonably ascertained by evidence, the amount named in the bond shall be taken as the true measure of damages; but where the actual damages can be reasonably arrived at by evidence, the plaintiff, for breach of the condition of the bond, can recover only the damages actually suffered. Sedg. Dam. (Start) pp. 390, 426; *Scofield* v. *Tompkins,* 95 Ill. 190; *Trower* v. *Elder,* 77 Ill. 452; 1 Suth. Dam. p. 491 *et seq.* The answer in this case states the land to be conveyed was sold only for $300, and not $600; hence an issue was raised as to whether the actual damages were less than $600. If the land was worth only $300, the plaintiff could not well be damaged in the sum of $600 for a failure to get the title. Certainly the defendant was entitled to have the question submitted to a jury as to the amount of damages he should pay for breach of the bond. Therefore we think the court erred in giving judgment for the amount named in the bond. The case is reversed, with costs, and cause remanded for further proceedings in accordance with this decision.

ZANE, C. J., concurred.