## NIVER and others *vs.* ROSSMAN.

Where articles covenant for the performance of several things, some certain and others uncertain, and stipulate for the payment of a sum in gross, in the event of a breach, the sum expressed will be regarded as a penalty   If the parties would stipulate damages in such a case, they should express the sum to be paid on each distinct breach.

Thus, where a contract for the sale and purchase of a physician's practice, contained several stipulations on both sides—some more and some less important, some certain and others uncertain—and concluded as follows: " The parties further agree that if either fail or refuse to comply with the aforesaid contract, to pay to the other $500, as his damages ;" *Held* that this was a penalty, and not liquidated damages.

THIS was an appeal by the defendant from a judgment entered upon the report of a referee.   The action was brought to recover damages for the breach of the following agreement :

" An article of agreement entered into this 6th day of September, 1843, between Peter P. Rossman of the town of Gallatin and county of Columbia, of the first part, and James D. Niver and Philip Niver of the town of Copake and county aforesaid, of the second part, to wit : The said Peter P. Rossman of the first

Niver *v.* Rossman.

part being a physician in practice, in the town of Gallatin, and county aforesaid, hereby bargains, agrees and enters in contract to give up or discontinue his said practice of physic in his present location to the said James D. Niver and Philip Niver, and use every honorable means to introduce James D. Niver, one of the above named parties of the second part, into his said ride and practice, in consideration of which the said parties of the second part agree to pay unto the said party of the first part, his heirs or assigns, the sum of four hundred and fifty dollars, good and lawful money of the state of New-York, as follows : Two hundred and twenty-five dollars on the first day of April, 1845, and the remaining two hundred and twenty-five dollars, the first day of April 1846, with the interest on the same from the first day of January, 1844, being the day the said party of the first part agrees to give up his professional business in said place, and furthermore agrees that if the said James D. Niver's business in the practice of physic, should not amount to eight hundred dollars the first year he may so enter into business, that he the said Peter P. Rossman, shall board and lodge said James for the first year, without any remuneration from said party of the second part, and in case it should amount to over eight hundred dollars, then the said party of the second part shall pay the sum of fifty dollars, for said board and lodging: and further the said Peter P. Rossman agrees that if said James D. Niver's business (in case he is attentive and continues in health) should not amount to six hundred dollars, then the said parties of the second part, their heirs or assigns, shall be bound to pay said Rossman only four hundred dollars, in manner before stated. The said Rossman is to furnish stable room for said James's horse and also to allow him the use of his said Rossman's office as such, to be included in said bill of boarding. The said parties of the second part hereby agree to give their joint obligations to said Rossman, on the last day of December next, for the amount herein before stated, payable as aforesaid.

The parties further agree that if either fail or refuse to comply with the aforesaid contract, to pay to the other five hundred dollars as his damages."

The dreaches assigned were, that the defendant still continued to ride and practice as a physician in the towns constituting his location at the time of making the agreement; and that he did not use every honorable means to introduce the plaintiff, James D. Niver, into his ride and practice; also that he had introducced other physicians into his said ride and practice which he had sold to the plaintiffs. A general breach, in wholly neglecting and refusing to comply with his agreement, by the defendant, was also alleged. The plaintiff claimed damages to the amount of $2500, and interest from January 1, 1844, and costs. The defendant, by his answer, alleged that he had in all respects complied with and performed the agreement on his part; but insisted that the agreement was against public policy, as being in restraint of trade, and of no binding force and effect.

The cause being at issue, was referred to Richard Peck, Esq. to hear and determine the same. Testimony was introduced before him, by the plaintiffs, tending to show various breaches of the agreement by the defendant.

The defendant claimed before the said referee that the contract, as far as it operated to prohibit the defendant from practicing, was against public policy and void. The referee decided otherwise, and held the same valid and operative as to the particular location to which the contract referred. The defendant claimed that the evidence did not show a violation of the contract on the part of the defendant. The referee decided otherwise, and the defendant excepted to such decision. The defendant insisted that the plaintiff, if entitled to recover, was limited to the damages actually sustained by him. The referee overruled the said proposition, and decided otherwise. The defendant insisted that the $500 mentioned at the close of the contract as the damages which either party was to pay the other for failure or refusal to comply with the contract, was not thereby rendered stipulated damages which the plaintiff was in any event entitled to recover for a violation of the contract, however small the actual damages might be; but the referee held it to be conclusive evidence of the amount of damages, and the amount which the plaintiffs were entitled to recover upon a breach of the stipula-

Niver *v.* Rossman.

tions of the contract on the part of the defendant. The referee reported in favor of the plaintiff, for $500.

*Theo. Miller*, for the plaintiffs.

*H. Hogeboom*, for the defendant.

*By the Court*, PARKER, P. J. The most important question presented in this case is, whether the sum of five hundred dollars, mentioned in the contract between these parties, is to be taken as a penalty, or as liquidated damages. The contract contains several stipulations on both sides, and concludes as follows : " The parties further agree that if either fail or refuse to comply with the aforesaid contract, to pay to the other five hundred dollars as his damages." It is not to be taken to be damages because it is so called in the contract, if it appears by the whole instrument that it was not so intended. (*Sedgwick on Damages*, 448.) Though when it is called " penalty" in the contract, no construction, except in a single class of bonds, will convert it into liquidated damages. (*Sedg. on Dam.* 433.)

The contract contained stipulations made by both parties ; some more and others less important ; some certain and others uncertain. The defendant agreed to give up his practice as a physician, at the place where he was then established, and to use all honorable means to introduce James D. Niver, one of the plaintiffs, into his ride and practice, and if the business of the plaintiff should not amount to $800 the first year, the defendant was to make no charge for boarding and lodging the plaintiff. The defendant was also to furnish stable room for the plaintiff's horse, and allow the plaintiff the use of his office. The plaintiffs, on their part, agreed to pay the defendant $450 and interest from January 1, 1844 ; one half on the 1st of April, 1845, and the other half on the 1st of April, 1846 ; but if the practice amounted to less than $600 a year, the plaintiffs were to pay but $400. The plaintiffs further agreed to pay the defendant $50 for the board and lodging of James D. Niver, provided the practice amounted, the first year, to over $800. And the plain-

tiffs agreed to give their joint obligation to the defendant for the amount they had agreed to pay as aforesaid.

The covenant to pay $500, whether it be penalty or damages, is for the benefit of both parties. Either party may avail himself of it in case the other fails to keep his contract. If the plaintiffs fail to pay either installment of the $450 as agreed, or of the $400 in case the practice should prove to be worth less than $600 a year; or if the plaintiffs fail to pay $50, the sum agreed to be paid, in a certain event, for board, they are just as much liable for the $500 as the defendant is if he fails to relinquish practice, or to board James D. Niver the first year without charge, on a certain contingency, or if he neglects to furnish stable room, or the use of his office.

Now the law is well settled, in such a case, that the sum agreed to be forfeited will be adjudged a penalty, and not liquidated damages. It is an agreement to pay $500 if the plaintiff fails to pay a much smaller sum, and though it be called liquidated damages it will be held to be a penalty. (*Sedg. on Dam.* 449.) The case of *Kemble* v. *Farren*, (6 *Bing.* 141,) has been repeatedly recognized and followed in this state. The defendant had agreed with the plaintiff to act as principal comedian at Covent Garden, and to conform to its rules: the plaintiff was to pay £3. 6s. 8d. every night that the theatre should be open; and the agreement contained a clause that if either party failed to fulfill his agreement, or any part thereof, or any stipulation contained therein, such party should pay the other the sum of £1000, to which sum it was agreed that the damages should amount, and which sum was declared by the parties to be liquidated and ascertained damages, and not a penalty, a penal sum, or in the nature thereof. The breach alleged was a refusal to act during the second season; and the court held that the defendant was not entitled to recover the £1000, but only the actual damages sustained. Tindal, Ch. J., in giving the judgment of the court, assigned as a reason for it that if the £1000 was liquidated damages, the plaintiff would be entitled to recover it whenever the plaintiff failed to make a single payment of £3. 6s, 8d., and the defendant would be liable to it when-

ever he failed to perform any usual regulation at the theatre ; though he admitted no words could be more precise and explicit in declaring the £1000 to be damages, than those used in the agreement. This decision followed and was in accordance with that of *Astley* v. *Weldon,* (2 *Bos. & Pul.* 346,) where an agreement was entered into by the defendant to perform for the plaintiff, at his theatre, and attend all rehearsals or pay the established fines for all forfeitures of any kind whatever, with a clause that either of the parties neglecting to perform the agreement, should pay the other £200. It was held that the £200 was a penalty, and not liquidated damages. In this case the agreement did not call the £200 either penalty or damages, but the decision was put upon the ground that it was intended to cover, among other things, the non-payment of a sum of money by way of fine.

It may now be regarded as well settled that no damages can ever be so liquidated between the parties, for the mere non-payment of money, as to secure the payment of a greater sum than that named in the covenant, with interest. The law having fixed the rule of interest, has bounded the measure of damages. (*Sedg. on Dam.* 431. 1 *H. Black.* 232. *Gray* v. *Crosby,* 18 *John.* 219, 226. 4 *Wend.* 468.) But when, independently of the stipulation, the damages would be wholly uncertain and incapable of being ascertained except by conjecture, the sum mentioned in the contract will be deemed to be liquidated damages. (*Sedg. on Dam.* 449. *Dakin* v. *Williams,* 17 *Wend.* 447. 22 *id.* 201, *and cases there cited.*) And the general rule is, that where articles covenant for the performance of several things, some certain and others uncertain, and stipulate for the payment of a sum in gross, in the event of a breach the sum expressed will be regarded as a penalty ; and if the parties would stipulate damages, in such a case they should express the sum to be paid on each distinct breach. ( *Watts' Ex'rs* v. *Shepard,* 2 *Ala. Rep.* 425.) In *Mott* v. *Mott,* (11 *Barb.* 134,) Hand, J. said, " Where the same sum is stipulated as a recovery for a breach of every article of the contract, however minute and unimportant, no words can make it a penalty. But the parties

Ransom *v.* Halcott.'

may by their mutual agreement settle the amount of damages uncertain in their nature, in respect to the performance or omission of a particular specified act, at any sum upon which they agree."

The $500 mentioned in this contract cannot be a penalty as to some of the stipulations, and damages as to others. If it is a penalty as to the stipulation to pay the $50, it is a penalty also as to all the other stipulations.

It is very certain that the referee erred in his decision on this point, and the judgment on his report must be reversed, and a new trial awarded.

[ALBANY GENERAL TERM, December 5, 1853.  *Parker, Wright* and *Harris,* Justices.]