According to the just rules of construction, the sum of $500 was intended as liquidated damages for a total and entire non-performance of all the stipulations of the contract, on either side; and a total or partial breach of either of the stipulations, on the part of the defendant, is not within the intendment of that clause. The agreement does not say that a breach of each or either of the stipulations shall be visited with $500 liquidated damages, *Page 277 
as it should have done if such had been the intention of the parties. The defendant proved he had paid the plaintiff $100 on the contract prior to December 15th, 1851, and the same had been accepted and indorsed. There was not an entire failure, therefore, to perform the contract, but a partial failure only, which, within adjudicated cases, prevents the recovery sought for in this action. (Shute v. Taylor, 5 Metc., 61.)
But, if this agreement were susceptible of the construction that a partial failure of either stipulation of the contract would forfeit the $500 as liquidated damages, then the case could not be construed as one of liquidated damages, because one of the stipulations is that the defendant is to give his own note for the payment of $200. It is fully settled that where a large sum is agreed to be paid, in default of paying a smaller sum agreed to be paid by the same instrument, then the larger sum is a penalty, although the instrument denominates it liquidated damages.
But the judgment should be affirmed on the ground first mentioned, viz., that although the damages are liquidated, yet it does not arise or accrue in this case, because the defendant partially performed one of the stipulations of the contract, whereas the contract provides only for an entire non-performance.