[Filed November 2, 1891.]

## P. WILHELM *v.* D. M. EAVES ET AL.

CONTRACTS — PENALTY— LIQUIDATED DAMAGES.—When a contract specifying a certain fixed sum as liquidated damages contains various conditions of different degrees of importance, to each of which the agreed measure of damages is made by the terms of the contract to apply with equal force without reference to the real damage that would ensue from a violation of any one of them, the stipulated sum will be regarded as a penalty and not liquidated damages, any language of the contract to the contrary notwithstanding.

Multnomah county: E. D. SHATTUCK, Judge.

Defendants appeal.   Reversed.

This is an action to recover damages for a breach of the following agreement between plaintiff and defendants:

"This agreement, made the fourteenth day of August, in the year of our Lord one thousand eight hundred and ninety, between David W. Eaves and A. M. Plato, doing business as Eaves & Plato of the Metropolitan market, parties of the first part, and Peter Wilhelm, the party of the second part, witnesseth:   That the said parties of the first part, in consideration of the covenants, promises and agreements on the part of the said party of the second part hereinafter contained, hereby covenant, promise and agree to and with the said party of the second part, that the said parties of the first part will as soon as they become possessed of the Metropolitan market, its lease, stock, fixtures and appurtenances, all in clear title from the administration or representative of Todd's interest in said market, then the parties of the first part will and hereby agree to make said Peter Wilhelm the

superintendent of said market with such duties as will be hereinafter described. The said parties of the first part also agree, in consideration of the services of said Peter Wilhelm as superintendent, to give said Wilhelm the free and full use of the room known as the restaurant, in the east end of said market, for use as a coffee-room during the continuance of said lease and the faithful fulfillment of duties as said superintendent. And it is further agreed that whenever the rental income from stalls shall equal five hundred dollars per month, then said Wilhelm is to receive in addition to use of coffee-room the sum of fifty dollars per month; and when income from stalls shall equal or exceed one thousand dollars per month, said Wilhelm shall receive one hundred dollars per month for services as superintendent; and said Wilhelm agrees at such time to maintain a special night-watchman in said Metropolitan market. And the said party of the second part, in consideration of said covenants, promises and agreements on the part of said parties of the first part hereinafter contained, covenants, promises and agrees to and with the said parties of the first part, that the said party of the second part will and hereby agrees to act as superintendent of said Metropolitan market, and the duties to be performed and accepted as share of the work are to see that the said market shall at all times be kept clean and in a wholesome sanitary condition; that he will have said market properly opened every morning at five o'clock, and that said market shall be kept open for the transaction of business until the hour of eight at night, excepting Saturday nights, when the market must be kept open until eleven o'clock at night. He agrees further to see that rules and regulations governing said market shall be strictly enforced; that all occupants of stalls are to keep their premises in good order; and the said Wilhelm agrees to obey the parties of the first part in all matters relating to the welfare of the said market, and in business it is understood that the said Wilhelm shall not contract any bills, order any labor performed, or do anything to bind or make the said party of

the first part liable for money excepting on the written order or authority of said party of the first part, nor shall the said Wilhelm collect any money unless authorized to do so. Said Wilhelm accepts as pay in full such sums as hereinbefore agreed. And for the true and faithful performance of all and every of the said covenants, promises and agreements, the said parties to these presents bind themselves each unto the other in the penal sum of two hundred dollars of the United States of America, as fixed, settled and liquidated damages, to be paid by the failing party to the other, their heirs or assigns, and if at any time either of the said parties shall be guilty of gross misconduct, drunkenness, or engaged in any dishonest or criminal matter, then this agreement shall be void. In witness whereof, the said parties to these presents have hereunto set their hands and seals the day and year first above written.

"D. W. EAVES. [SEAL.]
"ARTHUR M. PLATO. [SEAL.]
"P. WILHELM. [SEAL.]

"Signed, sealed and delivered in the presence of
"WILLIE GILL."

The breach of the agreement complained of was the discharge of plaintiff by defendants. Without any proof of actual damages, a recovery was allowed of the stipulated sum of two hundred dollars, and hence this appeal.

*T. J. Geisler*, for Appellant.

The interpretation must be guided by the actual intention of the parties so far as it can reasonably and fairly be ascertained from the whole language of the contract and the surrounding circumstances of the case, and such intention cannot be determined by the use of the words liquidated damages, or equivalent words. (*Bagley* v. *Peddie*, 16 N. Y. 469; S. C. 69 Am. Dec. 714; *Little* v. *Banks*, 85 N. Y. 266.)

Where the parties make this agreement, but not in such wise that the law adopts it, then the damages thus agreed

upon are a penalty, or in the nature of a penalty, although they call it liquidated damages. ( *Wibaux* v. *Grinnell,* 9 Mont. 154.)

The stipulation is to be treated as a penalty rather than as liquidated damages, if the intention of the parties appear at all doubtful, or be of equivocal interpretation. (13 Am. & Eng. Ency. Law, 860; *Foley* v. *McKeegan,* 4 Iowa, 1; 66 Am. Dec. 107.)

When a party may thus be responsible for the whole amount of the damages for the breach of an unimportant part of a contract, and so be made to pay a sum by way of damages grossly disproportionate to the injury sustained, there is plausible ground for withholding the doctrine of liquidated damages. ( *Colwell* v. *Lawrence,* 38 N. Y. 75, citing *Kemble* v. *Farren,* 6 Bing. 141; *Morse* v. *Rathburn,* 42 Mo. 594; 97 Am. Dec. 359; *Long* v. *Towl,* 42 Mo. 545; 97 Am. Dec. 355; *Cotheal* v. *Talmage,* 9 N. Y. 551; 61 Am. Dec. 716.)

Misrepresentation of a material fact, even though unintentional, is as much a fraud as though intended. ( *Mitchell* v. *Zimmerman,* 4 Tex. 75; 51 Am. Dec. 717; *Alvarez* v. *Brannan,* 7 Cal. 503; 68 Am. Dec. 274; *Munroe* v. *Pritchett,* 16 Ala. 785; 50 Am. Dec. 203.)

If certain facts be conceded to exist, the question of their sufficiency to indicate a fraudulent intent becomes a question of law which the court must determine. ( *Hedman* v. *Anderson,* 6 Neb. 392; *Davis* v. *Scott,* 22 Neb. 154.)

*A. F. Sears, Jr.,* for Respondent.

The use of the words penal sum followed by the words liquidated damages is not conclusive that the sum named is a penalty. ( *Crisdee* v. *Bolton,* 3 Car. & P. 240; Sedg. Dam. 5 ed. 468; *People* v. *Love,* 19 Cal. 682; *Pierce* v. *Fuller,* 8 Mass. 223; 5 Am. Dec. 102.)

Where an agreement is for the performance or non-performance of only one act, and there is no adequate means of ascertaining the precise damage which may result from a violation, the parties may, if they please, by a separate clause of the contract, fix upon the amount of compensation

payable by the defaulting party in case of a breach. (Pom. Eq. § 442.)

A contract may come within the scope and operation of this last rule, which includes various particulars differing in kind and importance, provided they are in effect one; all taken together only making up one whole, the violation of which is to be compensated by a fixed sum. (Pom. Eq. § 442.)

Although an agreement may contain two or more provisions for the doing or not doing different acts, still where all of the provisions are of such a nature that the damages occasioned by their breach cannot be measured, and a certain sum is made payable upon a default generally in any of them, the sum so agreed to be paid may be considered as liquidated damages. (Pom. Eq. § 445; *Mundy* v. *Culver*, 18 Barb. 336; *Clement* v. *Cash*, 21 N. Y. 253; *Williams* v. *Green*, 14 Ark. 320; *Bagley* v. *Peddie*, 16 N. Y. 469; 69 Am. Dec. 713; *Cotheal* v. *Talmage*, 9 N. Y. 551; 61 Am. Dec. 716; *Galsworthy* v. *Strutt*, 1 Exch. 659; *Atkyns* v. *Kinnien*, 4 Exch. 776.)

The intention of the parties is the question to be determined, and to arrive at this, it is proper to consider the magnitude of the sum fixed in connection with the subject matter as well as the words used by the parties. It is proper, also, to look at the whole contract, its subject matter and the ease or difficulty in measuring the breach or damages. (*Jacquith* v. *Hudson*, 5 Mich. 123; *Matthews* v. *Sharp*, 99 Pa. St. 560; *Texas etc. Ry. Co.* v. *Rust*, 19 Fed. Rep. 239; *Wolf* v. *Ry. Co.* 64 Iowa, 380; *Noyes* v. *Phillips*, 60 N. Y. 408; *Leary* v. *Laflin*, 101 Mass. 334; *Lynde* v. *Thompson*, 2 Allen, 459.)

When the injury is susceptible of definite admeasurement, the parties will not be allowed to stipulate for a greater amount; and it is in these cases only that the sum named is usually held to be a penalty. (Bispham's Eq. 3 ed. 234.)

Mere misrepresentations, unaccompanied by fraud, are neither a ground of action nor for rescinding an agreement. (*Rolfes*

v. *Russel,* 5 Or. 400; *Nicolai* v. *Lyon,* 8 Or. 56; *Smith* v. *Cox,* 9 Or. 327.)

Also, false representations must have been relied upon, and the one so relying upon them be without negligence himself. (*Marx* v. *Schwartz,* 14 Or. 180; *Horrell* v. *Manning,* 6 Or. 413; *Dunning* v. *Cresson,* 6 Or. 241; *Finlayson* v. *Finlayson,* 17 Or. 347; 11 Am. St. Rep. 836; *Hill* v. *Bush,* 19 Ark. 522.)

BEAN, J.—The decision of the question, as to whether a given sum provided in a contract to be paid on a breach thereof shall be considered as liquidated damages or a penalty, is often inherently difficult, and there is much apparent conflict in the adjudged cases. The words liquidated damages are not at all conclusive as to the character of the stipulation. Compensation for breach of a contract is always desirable, and the courts are not bound by the language used by the parties, and if the construction is at all doubtful, the tendency of the courts is in favor of the interpretation which makes the sum a penalty. (*Cushing* v. *Drew,* 97 Mass. 445.)

While it is usually said that the intention of the parties, as gathered from the subject matter of the contract, the language used and surrounding circumstances, are to govern in cases of this kind, "such intention," says Mr. Sutherland, "under the artificial rules that have been adopted, is determined by very latitudinary construction. To be potential and controlling that a stated sum is liquidated damages, that sum must be fixed as the basis of compensation, and substantially limited to it; for just compensation is recognized as the universal measure of damages not punitory. Parties may liquidate the amount by previous agreement; but where a stipulated sum is evidently not based on that principle, the intention to liquidate damages will either be found not to exist or will be disregarded, and the stated sum treated as a penalty." (1 Suth. Dam. 480.)

In *Jacquith* v. *Hudson,* 5 Mich. 133, CHRISTIANCY, J., says: "The law, following the dictates of equity and natural

justice in cases of this kind, adopts the principle of just compensation for the loss or injury actually sustained, considering it no greater violation of this principle to confine the injured party to the recovery of less than to enable him by the aid of a court to extort more.  *  *  *   This principle of natural justice, the courts of law, following courts of equity, have, in this class of cases, adopted as the law of the contract; and they will not permit the parties by express stipulation or any form of language, however clear the intent, to set it aside."

From the confused array of individual cases upon this question, there may be deduced certain general rules that are recognized and enforced by the courts, and the apparent conflict in the cases arises rather from the application of these rules to the facts of the individual case than in the principles themselves. One of these rules is, that when a contract, specifying one certain sum as liquidated damages, contains various stipulations of different degrees of importance, and the damages from a breach of some of which would be easily ascertainable, though the remainder might belong to that class which justifies such arrangement as to damages, and by the terms of the contract such sum would be payable equally on the failure to perform the least as of that to perform the most important, or equally on the failure to perform that one, the damage from the violation of which would be easily ascertainable, as to that from the breach of which the loss would be difficult of ascertainment, the stipulated sum will be regarded as a penalty, and not liquidated damages, though the language of the parties be the strongest which could be employed to evince a contrary intent. (*Kemble* v. *Farren,* 6 Bing. *141; *Carter* v. *Strom,* 41 Minn. 522; *Lampman* v. *Cochran,* 16 N. Y. 275; *Dailey* v. *Litchfield,* 10 Mich. 29; *Cheddick* v. *Marsh,* 1 Zab. 463; *Trower* v. *Elder,* 77 Ill. 452; *Lyman* v. *Babcock,* 40 Wis. 503; *Niver* v. *Rossman,* 18 Barb. 50; 3 Parsons on Contracts, 161; 2 Pom. Eq. § 443; 1 Sutherland on Damages, 521; 19 Cent. L. J. 282.)

This rule is decisive of this case.   The contract provides in effect that in default of any of the covenants, promises or agreements contained therein, the sum of two hundred dollars shall be paid by the failing party to the other.   If, then, this be regarded as liquidated damages, that precise sum would be recoverable for the breach of any of the covenants however unimportant or however easily the damages for a breach thereof could be ascertained; such as the failure by defendants to pay the fifty or one hundred dollars per month as agreed upon, or of the plaintiff to keep the market clean and in a wholesome sanitary condition, or to keep it open during the stipulated hours, or not to observe the prohibition against contracting bills, ordering labor performed, or collecting money, or any other of the numerous stipulations on his part to be performed, even though the damages for such breach might be no more than a very small fraction of the stipulated damages.   The contract when analyzed contains some sixteen different stipulations of varying degrees of importance, the damages for a breach of some of which would be easily ascertainable, and yet it is provided that two hundred dollars shall be paid as stipulated damages for a breach of any of them, even the most unimportant.

It is not to be supposed the parties intended their agreement to have any such effect; and following the above well-established rule in such cases, the stipulated sum must be construed as a penalty, and the judgment of the court below reversed and a new trial ordered.