BROWNOLD v. RODBELL.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. DAMAGES (§ 86*)—PROVISION FOR LIQUIDATED DAMAGES—CONSTRUCTION—PARTIAL BREACH.

A contract provided that defendant should engage plaintiff as a salesman and manager for three years, and plaintiff agreed to give his time and attention to the furtherance of the interests of the business, to com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ply with the defendant's orders and commands, to perform his work as salesman and general assistant faithfully and honestly and to the best of his ability, and not to engage in any other business during the term, unless agreed to by defendant. A separate clause provided that, should plaintiff "violate this agreement," plaintiff should pay defendant $1,500 as stipulated damages. *Held*, that the specified damages were to be paid upon plaintiff's breach of the contract as a whole, and not upon breach of only one of the obligations imposed thereby.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 182; Dec. Dig. § 86.*]

2. PLEADING (§ 146*)—COUNTERCLAIM—ALLEGATION OF DAMAGES.

The stipulated damages being payable only on a breach of the contract as a whole, defendant's counterclaim in an action by plaintiff for compensation under the contract, which counterclaimed for the stipulated damages, averring only a breach of obligations of plaintiff not to engage in other business, and to perform his duties faithfully and honestly, and alleged no damage from those breaches, was defective.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 294; Dec. Dig. § 146.*]

3. DAMAGES (§ 80*)—LIQUIDATED DAMAGES AND PENALTIES.

Inasmuch as the entire sum claimed to have accrued to plaintiff under the contract was only $7,165.81, if the $1,500 stipulated as damages were payable upon a single breach of any of the obligations of the contract, as for neglect to obey a single order of defendant's or for transacting business of his own when it had no relation to defendant's business and would cause him no damage, the breach was so out of proportion to the amount to be paid that the provision was in the nature of a penalty, and not liquidated damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 170; Dec. Dig. § 80.*]

4. DAMAGES (§ 77*)—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION OF STIPULATIONS.

The mere fact that parties to a contract characterize an obligation as liquidated damages and not a penalty is not controlling, but the construction of their stipulations depend upon their intent as evidenced by the entire agreement construed in the light of the circumstances under which it was made.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 156; Dec. Dig. § 77.*]

5. MASTER AND SERVANT (§ 73*)—SERVICES AND COMPENSATION—BREACH OF CONTRACT BY SERVANT—ACCEPTANCE OF SERVICES.

Where an employer accepted services of an employé during the entire term of the contract of employment notwithstanding alleged breaches of the contract by the employé, which were not alleged to have damaged the employer, the employé was entitled to the contract compensation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 92; Dec. Dig. § 73.*]

Appeal from Trial Term, New York County.

Action by Samuel Brownold against David Rodbell. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

I. Maurice Wormser, for appellant.
Samuel D. Lasky, for respondent.

INGRAHAM, J. The complaint alleges the employment of the plaintiff as a salesman and general manager of the business of the defendant for a term of three years from January 2, 1904, to December 31, 1906, by an agreement in writing whereby the plaintiff was to receive as compensation for his services certain commissions based upon the defendant's business; that the plaintiff entered into the employment and continued therein until the termination of the contract; and that sales were made by the defendant in his business on which under the terms of the agreement the commissions amounted to $7,-165.81, of which the plaintiff has received $3,890.38, the plaintiff demanding judgment for the balance remaining unpaid. The answer admits the employment, that the plaintiff continued in the defendant's employ until the date specified for the termination of the contract, and for a separate defense and by way of counterclaim annexes to the answer the contract actually made; alleges that the plaintiff has violated the agreement in certain particulars named, that by the terms of the contract it was agreed that, if the plaintiff violated the agreement, the damages for such violation should be the sum of $1,500, which the plaintiff agreed to pay to the defendant, and demands judgment dismissing the complaint and an affirmative judgment for the sum of $1,500. There was no allegation that defendant sustained damages by reason of a breach by plaintiff.

By the contract annexed to the answer, it appears that the defendant "shall engage" the plaintiff as a salesman and manager in his business for a period commencing January 2, 1904, and ending December 31, 1906, and the plaintiff agreed to work as salesman and general manager for said period, and the plaintiff by the fourth clause of the contract further agreed "to give his time and attention to the furtherance of the interests of the said business, and to comply with the orders and commands of the party of the first part (defendant), and to perform his work as salesman and general assistant faithfully and honestly and to the best of his ability, and he further agrees to engage in no other business, either for himself or for any other person, during the time of employment as set forth in this agreement, unless agreed to by the party of the first part." It was further agreed by the fifth clause of the contract that:

"Should the party of the second part [plaintiff] violate this agreement, then it is stipulated that the damages for such violation shall be the sum of fifteen hundred ($1,500) dollars, which the party of the second part shall pay to the party of the first part, said fifteen hundred ($1,500) dollars being agreed upon as stipulated damages."

There is no allegation in the answer that the violation of the agreement therein set forth caused the defendant any damage, and the defendant bases his right to recover on this counterclaim upon the ground that the plaintiff has engaged in other business, and has given part of his time and attention to the furtherance of the interests of other business than that of the defendant, and has not performed his work as salesman and general assistant faithfully and honestly, in that he did during the period covered by said contract work for other people to the detriment of the business of this defendant.

On the trial plaintiff, after proving the amount of sales upon which

he was entitled to commission, was asked on cross-examination a series of questions tending to show that during the time the plaintiff was acting under his contract he worked for other people than the defendant. These questions were objected to and excluded by the court upon the ground that under the fifth clause of the agreement the vio lation of the agreement intended was a violation of the entire agreement, and not a violation of one of the independent conditions to which the plaintiff agreed, and that, as there were no damages alleged in consequence of these violations, the counterclaim was not sufficient. The defendant then attempted to prove a subsequent modification of the contract, which was excluded upon the ground that it was not pleaded. At the close of the case, plaintiff asked for the direction of a verdict for the amount that seems to have been conceded due, which motion was granted, to which the defendant excepted. The defendant then moved for a new trial on all the grounds specified in section 999 of the Code of Civil Procedure, except that of inadequacy of damages, which was denied. There was no request to submit any question to the jury. The only question presented upon this appeal is as to whether under the pleadings it was error to refuse to allow the defendant to prove that the plaintiff had violated this provision of the agreement.

The contract contemplated the employment of the plaintiff for a period of three years. During that period the plaintiff agreed to work as salesman and general manager for the defendant's business, and by a separate clause of the contract agreed to devote his entire time and attention to the furtherance of the interests of the defendant's business, to comply with the orders and commands of the defendant, to perform his work as salesman and general assistant faithfully and honestly and to the best of his ability, and plaintiff further agreed to engage in no other business either for himself or for any other person. These were independent obligations of the plaintiff, having a general relation as to the duties which the plaintiff was to perform. If the construction of this contract is as claimed by the defendant, it would follow that upon a single violation of the defendant's orders or a single transaction by the plaintiff for himself during the time that the contract was in force, although such violation caused the defendant no damage, the defendant would be entitled to recover from the plaintiff the sum of $1,500. While such an act on the part of the plaintiff would be a violation of a stipulation contained in the contract, it would not be a violation of the general obligation assumed by the plaintiff upon which his right to compensation depended. The plaintiff was employed to act as salesman and general assistant for the defendant during the term of the contract. He rendered the services required of him, and continued in his position during the term provided in the contract. We must assume that he violated his undertaking not to engage in any other business during the term of the contract, and for a violation of that undertaking the defendant would be entitled to recover damages sustained, and could have maintained an action therefor. Considering, however, the object of the contract, I think it could hardly have been intended that the failure to obey any order given by the defendant or conducting a business transaction of the plaintiff

on his own account would have subjected the plaintiff to a liability for the specified damages set out in the fifth clause of the contract. This provision is contained in a separate clause in the contract. It imposes a liability for a violation of "this agreement," not for one of the obligations imposed on the plaintiff by the agreement. What the parties had in mind was a breach of the contract as a whole, and for that it was quite reasonable, in view of the difficulty of establishing damage, to stipulate that a sum named to be the liquidated damages for such a breach. It would be unreasonable to impose the payment of a considerable sum of money on a party upon the violation of one of several obligations, the performance of all of which were intended to assure to the defendant the performance by the plaintiff of the contract as a whole. There is no provision that, if the plaintiff should violate any one of its provisions, then the plaintiff would be liable for the stipulated damages, but that, if the plaintiff should "violate this agreement," then the stipulated damages should be payable. And this construction, it seems to me, carries out what was the intention of the parties, and is much more reasonable than that contended for by the defendant.

The defendant relies upon the case of Cotheal v. Talmage, 9 N. Y. 551, 61 Am. Dec. 716, but the agreement in that case was so different from the one at bar that it certainly cannot be considered an authority. There the plaintiff entered into an agreement with an association of whom the defendant's principal was one by which the plaintiff agreed to furnish to the defendant's principal and his associates subsistence for a year with the articles and tools necessary for carrying on mining operations in California. On their part the associates covenanted with the plaintiff that they would diligently devote themselves to obtaining gold and other precious metals as provided for in the agreement, a certain proportion of the earnings of which were to be paid to the plaintiff, and would execute a bond conditioned for the payment to him by the persons executing the agreement in case such person should fail to keep or should break such agreement, and the defendant was surety upon that bond. The answer alleged that defendant's principal performed the agreement for a certain length of time, and then he and the other parties interested with him broke up and abandoned the enterprise. It was held that the breach of the agreement was admitted by the pleadings; and the only question was whether this was liquidated damages or a penalty. There by the act of the defendant's principal the whole object of the agreement was frustrated and its performance prevented. The breach in that case was of the entire contract, and this case would have been analogous if the plaintiff had, after remaining a few weeks in the defendant's employ, abandoned his work and refused to longer perform the contract. But I assume that in that case proof that the defendant's principal had absented himself from work for a week would not have been such a breach of the agreement as imposed upon the defendant a liability for the full amount. The discussion of the question was based upon the injury to the plaintiff by reason of the abandonment of the contract by one of those who had agreed to perform it; not a violation of one particular stipulation.

After discussing the cases relied upon by the defendant in that case, the court said:

"The only plausible ground for withholding the doctrine in any case is that the party might be made responsible for the whole amount of damages for the breach of an unimportant part of his contract, and so be made to pay a sum by way of damages grossly disproportionate to the injury sustained by the other party."

In Lampman v. Cochran, 16 N. Y. 275, the parties had made a contract by which the plaintiff covenanted to convey to the defendant his farm, provided that the defendant should pay to the plaintiff $3,100 in various installments, some in cash, some in notes, and the balance by bond and mortgage on the property. The agreement closed with the clause:

"And the said parties to this instrument further agree, to and with each other, to pay one to the other the sum of five hundred dollars, as liquidated damages, in case one of the parties shall fail to perform said contract according to this instrument."

One of the judges expressed an opinion that according to the just rules of construction the sum of $500 was intended as liquidated damages for a total and entire nonperformance of all the stipulations of the contract on either side, and that a total or partial breach of either of the stipulations on the part of the defendant was not within the intendment of that clause; that the agreement does not say that a breach of each or either of the stipulations shall be visited with $500 liquidated damages as it should have been done if such had been the intention of the parties; that, the defendant having paid $100 on the contract, there was not an entire failure to perform the contract, but a partial failure only, which prevents a recovery for the liquidated damages, which states the correct rule of construction to be applied to this case. The other judges held that the substance of the contract was a penalty, and not liquidated damages. If in this case we assume that the defendant's construction is correct, and that for any single breach of any of these covenants on the part of the plaintiff the stipulation applied, it must then be held that the amount was in the nature of a penalty, and not for liquidated damages, for imposing a liability for neglect to obey a single order of the defendant, or, where the plaintiff had transacted business on his own account, when it had no relation to the defendant's business, and which could cause him no damage, was so out of proportion to the amount to be paid that the clause would be construed a penalty, and not as liquidated damages. Beale v. Hayes, 7 N. Y. Super. Ct. 540; Ward v. Jewett, 4 Rob. 714. It has been many times held that the mere fact that the parties characterize the obligation as liquidated damages, and not a penalty, does not control. In Kemp. v. Knickerbocker Ice Co., 69 N. Y. 45, it was stated that:

"The fundamental rule, as often announced, is that the construction of these stipulations depend in each case upon the intent of the parties as evidenced by the entire agreement construed in the light of the circumstances under which it was made."

See, also, Ward v. Hudson River Building Co., 125 N. Y. 230, 26 N. E. 256; Perley v. Shubert, 121 App. Div. 786, 106 N. Y. Supp. 593.

I think, therefore, that as the plaintiff has failed to allege that he sustained any damage by these breaches by the plaintiff his counterclaim failed, and as he accepted the services rendered by the plaintiff during the entire term, the plaintiff was entitled to recover the compensation allowed for the performance of such services.

The ruling of the trial court was therefore right, and the judgment should be affirmed, with costs. All concur.