CECILE SEIDLITZ, Appellant, *v.* MAYER S. AUERBACH, Respondent, Impleaded with Others.

Landlord and tenant — damages — rule as between landlord and tenant to determine whether deposit shall be treated as " penalty " or as " liquidated damages "— privity of estate between lessor and lessee ended by sale of property — lessee liable to lessor only for breaches of agreement before such sale.

1. In determining whether the amount of a deposit is to be treated as liquidated damages or as a penalty, the agreement is to be interpreted as of its date, not as of the time of its breach, nor can the terms of the contract be separated and a part treated as a penalty and the remainder as liquidated damages.

2. In an action by an evicted tenant to recover a sum deposited as security for the performance of the lease, defended on the ground that the deposit was fixed and liquidated damages for breaches of the covenants of the lease, and that many of them had been broken, it appeared that the lease contained many covenants of varying importance on the part of the lessee, as to some of which a loss occasioned by a breach were ascertainable with certainty and necessarily would be inconsiderable, while as to others the damages that might result were uncertain. The meaning of the agreement, however, was clear that the deposit was intended as security for each of these covenants. *Held*, that the deposit will be treated as a penalty and the landlords are entitled to retain only such part of it as will make them good for such damages as they sustained by reason of the tenant's defaults.

3. Nor may the lessor retain such deposit on the theory that the rental value of the property is now less than the amount prescribed in the lease and that the deficiency for which the tenant would be liable is greater than the amount of the deposit, where it appears that a few days after the eviction the property was sold and transferred to a third party. When the landlords transferred their reversion, all privity of estate between them and the lessee was ended and their rights to enforce agreements on the part of the lessee not broken at the time ceased. The only damages to which they were entitled were damages for breaches of the agreement already accrued.

*Seidlitz* v. *Auerbach*, 186 App. Div. 7, reversed.

(Argued October 21, 1920; decided December 31, 1920.)

# 168     SEIDLITZ v. AUERBACH.

APPEAL from a judgment entered January 29, 1919, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry M. Flateau* for appellant. The landlords' damage arising out of any breach by the tenants of the covenants of the lease herein was at all times capable of accurate ascertainment or measurement, and the security deposited thereunder being clearly out of all proportion to the landlords' probable loss in case of such breach and to their eventual and actual loss, as proved on the trial, its retention under these circumstances by the landlords would constitute a penalty. (*Dunn* v. *Morgenthau*, 73 App. Div. 147; 175 N. Y. 518; *Caesar* v. *Robinson*, 174 N. Y. 492; *Chaude* v. *Shepard*, 122 N. Y. 397; *Scott* v. *Montells*, 109 N. Y. 1; *Finesot* v. *Burnstein*, 16 App. Div. 687; 213 N. Y. 703.) The provisions of the lease herein express the intention of the parties to treat the deposit as security for the performance by the tenants of the covenants of. the lease and not as liquidated damages. (*Bagley* v. *Peddie*, 16 N. Y. 469; *Chaude* v. *Shepard*, 122 N. Y. 396.) The provision in the lease continuing the liability of the tenant for rent after dispossess is inconsistent with, and repugnant to, the theory that the security deposited therein was to be regarded as liquidated damages. (*Ward* v. *H. R. R. R. Co.*, 125 N. Y. 230; *Halpern* v. *M. A. T. Co.*, 220 N. Y. 655; *McCready* v. *Lindenborn*, 172 N. Y. 400; *Slater* v. *Von Chorus*, 120, App. Div. 16.) Damages claimed to have been sustained by the landlords subsequent to the making of the lease and obviously not within the contemplation of the parties at the time of its execution, are not recoverable, and cannot now be considered as an offset against the moneys

deposited as security herein. (*Hamilton* v. *McPherson,* 28 N. Y. 72; *Dunn* v. *Morgenthau,* 76 N. Y. Supp. 827.)

*Daniel P. Hays* and *Ralph Wolf* for respondent. Parties to contracts have the right to agree between themselves with respect to the anticipatory damages which shall be occasioned by the failure to perfrom a contract, and when they have done so, and it appears that the damages flowing from the breach cannot be easily established, but would be uncertain or difficult, if not incapable of ascertainment, and where the amount does not appear to be unconscionable, then the agreement of the parties liquidating them in anticipation will be enforced. (*Mosler Safe Co.* v. *Maiden Lane S. D. Co.,* 199 N. Y. 479; *Cotheal* v. *Talmage,* 9 N. Y. 551; *Clement* v. *Cash,* 21 N. Y. 253; *Dunn* v. *Morgenthau,* 73 App. Div. 147; *Curtis* v. *Van Bergh,* 161 N. Y. 52; *Ward* v. *Hudson River R. R. Co.,* 125 N. Y. 230; *United States* v. *Bethlehem Steel Co.,* 105 U. S. 108; *Sun P. & P. Assn.* v. *Moore,* 183 U. S. 642; *Feyer* v. *Reiss,* 154 App. Div. 272; *Ridley* v. *Sudbrink,* 105 Misc. Rep. 52; *Hochman* v. *Bolt,* 152 N. Y. Supp. 1031; *Simon* v. *Linden,* 105 Misc. Rep. 340; *Little* v. *Banks,* 85 N. Y. 265.) The clause contained in the lease in the case at bar which continues the liability of the tenant for rent after dispossess is not inconsistent with or repugnant to the clause appearing later that the damages for a breach of the contract were liquidated and fixed at the sum of $7,500. (*Stimpson* v. *Minsker Realty Co.,* 177 App. Div. 535; *Fleisher* v. *Friob,* 97 Misc. Rep. 343.) The evidence introduced and sought to be introduced by respondent as to the changed condition of the moving picture business in the neighborhood of the leased premises, and a depreciation in rental value for that business, which was the only purpose the buildings were adapted for, and for which purpose the buildings had been altered, pursuant to the contract between the parties, was proper, not as affecting the amount of damage which defendants

had sustained by the tenant's breach of the lease, but for the purpose of showing that the amount fixed as liquidated damages was not unconscionable, and to enable the court to determine if there was any ambiguity in the lease, or whether the parties intended to make the $7,500 a penalty or liquidated damages. (*Shute* v. *Hamilton,* 3 Daly, 462; *Stimpson* v. *Minsker R. Co.,* 177 App. Div. 539.)

ANDREWS, J. In 1914 the Arco Realty Company leased to Fox, Temple and Kalek the premises No. 104 and 106 West One Hundred and Sixteenth street, New York, to be used as a theatre. It was agreed that the buildings then existing should be torn down and one proper for this purpose should be erected by the lessor in their place. The lease contained numerous express conditions " all and everyone of which the tenant covenants with the landlord to keep and perform." Some of these conditions were comparatively of slight importance; as, for instance, that requiring the tenant to keep the sidewalks free from ice and snow and not to allow waste to accumulate. Others are more vital. Again, the · damages caused by the breach of certain conditions were susceptible of accurate valuation, such as that the tenants should obtain a liability insurance policy of $10,000 and pay the premiums. This the parties themselves understood for they agreed that if not paid by the tenants they might be paid by the landlord, in which case they would become due as additional rent. The lease then provided that the tenants had paid to the landlord $7,500, later reduced to $7,065.25, " As security for the faithful performance by the tenant of all the covenants and agreements herein contained and to indemnify the landlord against loss by reason of any such default; and as the damages which the landlord would sustain in the event of a default by the tenant hereunder would not be susceptible of ascertainment, it is hereby covenanted and agreed between the landlord

and tenant that in the event of any such default the damages sustained by the said landlord be and they are hereby fixed and liquidated at the amount of Seven Thousand Five Hundred dollars in payment of which the landlord shall retain the said sum of Seven thousand Five Hundred dollars so deposited as aforesaid, without any deduction or offset whatever." There was a further provision that if default was made in the payment of the rent or upon the continued breach of the other covenants, the landlord might re-enter the premises and remove all persons therefrom by summary proceedings or otherwise; and at his option might relet the premises as agent of the tenant and receive the rents therefor. But in the event of re-entry or of termination of the lease by summary proceedings or otherwise, the tenant shall remain liable for his rent until the time when this lease would have expired.

The landlord did tear down the buildings and constructed a theatre and the tenants afterwards entered into possession. The lease, with the security deposited thereunder, was later assigned to the plaintiff and the property itself, with the deposit and all rights under the lease, was transferred to the defendants. On March 6th, 1917, one month's rent was not paid. Summary proceedings were begun and on March nineteenth the plaintiff was evicted. On April tenth the defendants contracted to sell the demised premises to one Stern, and on the fourteenth they actually conveyed the same to the latter " free from all incumbrances." A few days later this action was begun to recover the security deposited under the lease, less the landlords' actual damage. It was defended on the ground that the deposit was fixed and liquidated damages for breaches of the covenants of the lease; that many of such covenants had been broken and that, therefore, the sum deposited might be retained by the defendants. As a counterclaim it was also alleged that because of the breaches by the plaintiff of the

covenants the defendants have been damaged to the
extent of $7,500.

The trial court directed a verdict in favor of the plaintiff
for the sum of $6,764.19, the amount of the security in
the defendants' possession at the time of the trial, less their
actual damages as proved by them. On appeal the
Appellate Division reversed this judgment and dismissed
the complaint on the theory that the security was depos-
ited as liquidated damages. We think this disposition
of the case was erroneous.

As has been said, the lease contained many covenants
of varying importance on the part of the lessees. As to
some a loss occasioned by a breach were ascertainable
with certainty and necessarily would be inconsiderable.
It appeared on the trial that the premium for liability
insurance was $17.01. As to other covenants the damages
that might result were uncertain. Still the meaning of
the agreement as to the deposit of the $7,500 is clear.
It was deposited as security for the performance of each
of these covenants. In the event of default in the case
of any one of them the damages are said to be liquidated
at the sum of $7,500. A default does not mean a breach
of all of them. Nor can it mean the breach of that
one of them which may seem the most important. The
language is too specific to admit of any such construction
as was given in *Brownold* v. *Rodbell* (130 App. Div.
371). Nor, as their answer shows, is such its proper
construction as understood by the defendants. This
being so, it is immaterial which covenant was in
fact broken. In determining whether the amount of the
deposit is to be treated as liquidated damages or as a
penalty the agreement is to be interpreted as of its date,
not as of its breach. (*Dunn* v. *Morgenthau*, 175 N. Y.
518; *Dunlop P. T. Co.* v. *New Garage & Motor Co.*, L. R.
1915, App. Cas. 79.) It is also true that a stipulation to
forfeit a certain sum for the breach of any of the terms of
the contract cannot be separated and a part treated as a

penalty and the remainder as liquidated damages. (*Still-well* v. *Paepcke-Leicht Lumber Co.*, 73 Ark. 432.) With these principles in mind the great weight of authority is to the effect that where a contract contains a number of covenants of different degrees of importance and the loss resulting from the breach of some of them will be clearly disproportionate to the sum sought to be fixed as liquidated damages, especially where the loss in some cases is readily ascertainable, the sum so fixed will be treated as a penalty. The strength of a chain is that of its weakest link.

There is little satisfactory discussion on this question in the higher courts of the state. Reference is made to the matter in *Jackson* v. *Baker* (2 Edw. Ch. 470); *Cotheal* v. *Talmage* (9 N. Y. 551); *Niver* v. *Rossman* (18 Barb. 50); *Lampman* v. *Cochran* (16 N. Y. 275); *Staples* v. *Parker* (41 Barb. 648); *Beale* v. *Hayes* (5 Sand. 640), and *Bagley* v. *Peddie* (16 N. Y. 469, 475). In *Clement* v. *Cash* (21 N. Y. 253), where all the stipulations on each side were to be performed at one time, and where a breach of any one of them would be a breach of the entire contract, it is said that the rule does not apply. In other jurisdictions the rule as we have stated it is adopted. (*Dunlop P. T. Co.* v. *New Garage & Motor Co.*, L. R. 1915, App. Cas. 79; *O'Brien* v. *Illinois Surety Co.*, 203 Fed. Rep. 436; *Fisk* v. *Gray*, 11 Allen, 132; *Trustees* v. *Walrath*, 27 Mich. 232; *Gibbs* v. *Cooper*, 86 N. J. L. 226; *Parker-Washington Co.* v. *City of Chicago*, 267 Ill. 136; *Keck* v. *Bieber*, 148 Penn. St. 645.) Even could it be said that in this state we are not already committed to the rule as so laid down, we approve of it now. The reasoning upon which it is based is unanswerable. Whether a sum is to be treated as liquidated damages or as a penalty depends upon the intent of the parties to a contract as disclosed by the situation and by the terms of the instrument. (*Caesar* v. *Rubinson*, 174 N. Y. 492.) Generally whenever the damages flowing from a breach of a contract can be

easily established or where the damages fixed are plainly disproportionate to the injury the stipulated sum will be treated as a penalty. So where a strict construction would result in absurdity. There must be some attempt to proportion these· damages to the actual loss. The parties must not lose sight of the principle of compensation. It is impossible to believe that the lessor and the lessees here intended that the sum of $7,500 should be treated alike as liquidated damages for the breach of a covenant involving the payment of many thousand dollars of rent and of a covenant involving the payment of an insurance premium of $17. This conclusion in the case before us is fortified by other provisions in the agreement. If the $7,500 is liquidated damages it would at once be due were the tenants dispossessed for the non-payment of rent. In such a case it would fix the amount of their liability. (*City of New York* v. *Seely-Taylor Company,* 149 App. Div. 98; affd., 208 N. Y. 548.) Yet it is agreed that after dispossession they shall remain liable for any deficiency which may result from reletting the premises to the end of the term of the lease. The two clauses are consistent only if the $7,500 is regarded as security. The landlord is not entitled both to retain this sum and to enforce this liability.

If then the $7,500 is to be treated as a penalty the landlords are entitled to retain only such part of it as will make them good for such damages as they have sustained by reason of the tenant's defaults. It was conceded that there remained in the defendants' hands of the $7,500 the sum of $7,065.25. From this the trial judge deducted $214.59 damages for minor breaches of the contract, unpaid rent for March, 1917, and unpaid rent for April to April fourteenth, the date on which the landlords conveyed the premises by a full covenant deed to one Stern, making no mention of the lease. No question is made as to these amounts if the theory adopted by the trial judge was correct.

Two judges of the Appellate Division, while not agreeing with the majority that the sum of $7,500 was to be treated as liquidated damages, yet concluded that the defendants have shown damages suffered by them in excess of that sum and that, therefore, there could be no recovery. It is said that the rent due under the lease, which ran until 1935, varied from $4,000 to $5,500 a year. Circumstances have so changed that the rental value of the property is only $2,500. The tenant was removed .in March, 1917. On this basis the deficiency for which the tenant would be liable is more than $60,000. And although the landlords sold the property in April, 1917, it must be inferred that this difference between what the tenant should have paid and the then rental value must have entered into the price for which the property was sold and caused damage in excess of $7,500.

The evidence as to the present rental value is no longer in the case. Assuming, however, that it had been, this conclusion could not be supported. Notwithstanding the dispossession of the tenant under the agreement she remained liable for the whole term of the lease for the amount of the rents she had agreed to pay less the avails of any reletting. But when the landlords transferred their reversion to Stern, all privity of estate between them and the lessee was ended and their rights to enforce agreements on the part of the lessee not broken at the time ceased. No longer might the landlords hold her liable for deficiency between agreed rentals thereafter accruing and the amount obtained on reletting. All damages to which they were entitled were damages for breaches of the agreement already accrued. Such damages were caused by the non-payment of rent on March first and April first. We know of no principle by which when on March first that sum was not paid the landlords might recover not only it but ending the relationship by evicting the tenant might recover a substantial sum in addition for the loss of their bargain.

If the above conclusions are right then no error was committed by the trial court in its rulings on evidence. The result must be that the judgment of the Appellate Division should be reversed and that of the trial court affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN and CRANE, JJ., concur; CHASE, J., dissents.

Judgment reversed, etc.