Argued February 7; affirmed March 27, 1934

# R. C. A. PHOTOPHONE, Inc., *v.* SINNOTT

(30 P. (2d) 761)

*Stanley Myers,* of Portland, for appellant.

*Lester L. Ahlgrim,* of Portland (Wm. B. Layton, Edward A. Boyrie, and Reuben G. Lenske, all of Portland, on the brief), for respondent.

BELT, J. On October 4, 1930, plaintiff entered into a written agreement whereby it agreed to lease to the defendant William P. Sinnott, Trustee (referred to in contract as Exhibitor), certain electrical sound-reproducing equipment for a period of 10 years. The rental, however, was to be paid in weekly installments of $47.60 for a period of 104 weeks. The sum of $48.35 was paid upon execution of the contract. The payments to be made under the contract were in consideration of the rental of the electrical equipment, premium for insurance, and service charges for the first two years. In the event of default in the payment of any installment, the entire unpaid balance became due at the option of the plaintiff. Under section 3 of the contract it was provided that "RCA Photophone will, at its own expense and to the extent deemed necessary by it, provide one of its skilled representatives to supervise Exhibitor's installation of the Equipment and to instruct and supervise Exhibitor's operators in the operation of the Equipment * * *." Section 4 provides: "RCA Photophone will from time to time inspect the equipment and supervise such repairs and adjustments thereto as may in its opinion be necessary for the operation and maintenance of the Equipment. For two years commencing on the first Saturday after the installation date exhibitor will pay and RCA Photophone will accept the service charges as specified in the plan in section 5 hereof under which exhibitor elects to make payments. Thereafter exhibitor will pay and RCA Photophone will accept the service charges as established by RCA Photophone from time to time; provided, however, that at any time after the expiration of two years from the first Saturday after the installation date either party may at its option, upon giving 60 days prior written notice by registered

mail, terminate the obligation to render or to pay for the service and inspection provided for herein.'' The contract contained numerous other provisions, the breach of any one of which entitled the plaintiff, at its option, to terminate the agreement, repossess the equipment, and retain payments made as a rental charge. Furthermore, any breach upon the part of the lessee made him liable for the balance due under the contract and for any damages sustained by the plaintiff by reason thereof. Section 21 provided: ''This agreement shall be construed according to the laws of the state of New York and contains the entire understanding of the parties with reference to the subject matter hereof. * * *''

On the date of the execution of the contract, the defendant Sinnott, Trustee, also executed the following promissory note, which is the basis of this suit:

''The undersigned promises to pay to the order of RCA PHOTOPHONE, INC., the sum of forty-seven and 60/100 ($47.60) Dollars weekly on each consecutive Saturday for a period of 104 weeks commencing on Saturday the 15th day of November 1930, with interest after maturity at the rate of six (6%) per cent per annum, and if allowed by law, 15% of the principal and interest of this note as attorney's fees, if placed in the hands of an attorney for collection. All payments to be made in New York funds at the office of RCA Photophone, Inc., at 411 Fifth Avenue, New York, N. Y.

''In the event of default in the payment of any installment of this note, the holder thereof may at its option declare the remaining installments not then due hereunder immediately due and payable. The maker and endorsers do hereby waive presentment, protest and notice of dishonor and protest as well as the benefit of any homestead, exemption or insolvency law.''

After defendant had made 36 weekly payments of $47.60 each, he defaulted in payment and plaintiff repossessed the equipment. Thereupon plaintiff instituted suit to recover the amount due on the note. The case was tried in equity by reason of certain allegations in the nature of a bill of discovery. At the conclusion of the plaintiff's case in chief, the trial court, upon motion of the defendant, dismissed the suit with prejudice. Plaintiff appeals.

Plaintiff relied upon the theory of an independent covenant to pay. In determining whether covenants in a contract are dependent or independent, the intention of the parties must govern and this intention must be ascertained from the contract itself where the language is plain and unambiguous: *Loveland v. Warner,* 103 Or. 638 (204 P. 622, 206 P. 298). In the instant case the agreement to make the weekly payments was based upon consideration of the use of the electrical equipment and the service which plaintiff was to render in keeping the equipment in operating order during the first two years of the contract term. The covenant to pay was dependent upon the covenant of the plaintiff to permit defendant's use of the equipment and to render the service above mentioned. When plaintiff repossessed the equipment it was not entitled to the unpaid balance for it was not in a position to allege or prove performance upon its part. If the contention be sound that the covenant to pay is an independent one, plaintiff could merely install the equipment and, upon default in the first weekly payment by defendant, repossess it and recover the full amount of the unpaid balance. Such would, indeed, be an unconscionable contract. We are not willing to so construe it. *Electrical Products Corp. v. Ziegler Drug Stores,* 141 Or. 117

(10 P. (2d) 910, 15 P. (2d) 1078), is squarely in point and is adverse to appellant. The legal principles therein enunciated are decisive of this case. If plaintiff were permitted to recover in this suit, it would, in effect, be the enforcement of a penalty: *Seidlitz v. Auerbach,* 230 N. Y. 167 (129 N. E. 461).

■ It is urged that the record does not show that plaintiff repossessed the electrical equipment. While the evidence is, indeed, meagre and uncertain concerning the matter of repossession, the allegation of plaintiff in its reply, in reference thereto, is conclusive. Plaintiff alleged, ''That the title to said equipment did not belong to said defendant and said plaintiff subsequently removed said equipment from the place where said defendant had stored it and informed said defendant that said plaintiff would insist on full performance of his part of said agreement; that the plaintiff also informed the defendant that at any time said defendant wished to use said equipment upon notification of said plaintiff said plaintiff would install said equipment according to the terms and conditions of the contract hereinabove set out.    *    *    *.''

The decree of the lower court is affirmed. Defendants are entitled to costs and disbursements.