MONTAGUE *v.* ROBINSON.

Opinion delivered January 31, 1916.

1. CONTRACTS—REMOVAL OF STANDING TIMBER—MISTAKE—RESCISSION.— Appellant agreed to remove the timber from certain land within one year, or pay to appellee, the owner of the land, a certain sum, and executed a bond with a surety, conditioned upon his performance of the contract. In showing appellant the land, appellee made a mistake in a certain line. The appellant, with knowledge of the mistake, entered upon the work of clearing the land. *Held,* he could not thereafter complain of the mistake, nor was the surety on the bond relieved from his liability thereby.

2. CONTRACTS—STIPULATION FOR LIQUIDATED DAMAGES—PENALTY—CONSTRUCTION.—A contract will be construed as stipulating for liquidated damages, where, from a prospective view of the contract, it appears that the parties contemplated that damages would flow from a failure to perform the contract, and that such damages would be indeterminate or difficult of ascertainment, and the sum named bears some reasonable proportion to the damages which

the parties contemplated might flow from a failure to perform the contract.

3.  CONTRACTS—STIPULATION FOR PENALTY—RULE.—A contract will be construed as stipulating for a penalty, when it is agreed that the same damages would be recoverable were the contract to be only substantially performed, or were there to be a total failure of consideration.

4.  CONTRACTS—BREACH—STIPULATION FOR PENALTY.—A contract stipulated for the payment of a certain sum in the event of a breach of its terms, *held,* an instruction that if there was any breach of the contract, that the jury might find for the plaintiff in the full amount stipulated, was erronious.

Appeal from Mississippi Circuit Court, Chickasawba District; *J. F. Gautney,* Judge; reversed.

The appellants *pro sese.*

1.  The court erred in refusing to require the plaintiff to elect upon which count of his complaint he would stand. Liquidated damages, in the proper sense, are a positive debt, excluding evidence of actual damages wherever a breach is proved to which they apply. 5 Sand. (N. Y.) 640; 22 Ark. 475; 31 Cyc. 652; 26 N. E. 348; 86 Pac. 624.

2.  Plaintiff sued upon one contract and relied for a recovery upon another. Any material change in a contract made without the consent of the surety releases him. 65 Ark. 550; 74 *Id.* 601; 93 *Id.* 479; 113 *Id.* 429; 65 *Id.* 472.

3.  The bond itself is clearly a penalty contract. Both provisions clearly contemplate the payment of compensatory damages in case of breach. The wording shows the parties intended a penalty and not liquidated damages. 52 N. H. 126; 2 Southerland on Damages, § 470 and 1 *Id.* § 284; 73 Ark. 437; 13 Cyc. 101; 55 Ark. 376; Southerland Dam. (3 ed.), vol. 1, p. 777. Instruction 3 was error.

*A. G. Little,* for appellee.

1.  The counts of the complaint are not antagonistic nor inconsistent, but if so, the case was tried upon the first count. The instructions were only pertinent to the

first count. This was an election. 31 Cyc. 656; 88 Pac. 1064.

2. A contract induced by fraud or deceit is voidable only and may be affirmed. 6 Rul. Cas. Law. 933, 633, § 52; 67 L. R. A. 705.

3. The contract and bond must be construed together. It makes no difference whether the contract was for a penalty or liquidated damages. The judgment is right and there was no error.

KIRBY, J. Appellee was the plaintiff in the suit below, and alleged in his complaint that he made a contract with appellant Montague whereby, for the consideration of the merchantable timber down and standing upon a tract of land described as the north half of section 4, township 14, north, range 12 east, the said Montague agreed to cut all the timber upon said tract of land three inches in diameter and over, and to complete said contract within one year. Said contract further provided that in the event the said Montague failed to cut all of said timber within the time mentioned that he should pay appellee the sum of $600.00, and it was further provided that Montague should execute to Robinson a bond conditioned to indemnify Robinson against any loss by reason of Montague's failure to comply with said contract. The United States Fidelity & Guaranty Company became surety on this bond, which was conditioned that if the said Montague should hold the said Robinson harmless against all loss by reason of any failure on the part of Montague to comply with said contract, the bond should be void.

The complaint contained two counts, the first of which alleged that the contract and bond sued on provide for the payment to Robinson of the sum of $600.00 as liquidated damages in the event Montague failed to comply with the terms of his contract, while the second count alleged that the contract and bond sued on provide for the payment of such damages as Robinson might sustain by reason of Montague's failure to perform the contract.

There was a motion to require appellee to elect between the counts of his complaint, which appears never to have been passed upon.

The answer denied any liability for liquidated damages, but admitted liability for such damages as Robinson sustained by reason of Montague's failure to comply with his contract, but denied there was any such failure.

(1) Montague filed a cross-complaint in which he alleged that prior to the execution of said contract Robinson took him over the land and showed him the timber which he was to have in consideration of cutting down the timber on the lands and that some of the timber so shown him was not on the north half of section 4, but was on the south half of section 33, which lies immediately north of section 4. It is insisted that this error invalidated the contract and absolved the surety company. But it appears that before Montague entered upon the performance of his contract, Robinson told him that he had made a mistake in showing him the line between sections 4 and 33, and offered to release him from his contract, but Montague declined to be released. In going over the land Robinson showed Montague the four corners of the north half of section 4, but there was an error in the location of the line connecting the two north corners. Such being the case, and having entered upon the performance of his contract with knowledge of the mistake about the line, Montague is in no position to complain of the mistake  Especially so, when the proof is that he did not regard the mistake made as of sufficient importance to ask a rescission of the contract or any change in the consideration therefor. Nor is there any change in the contract which the Surety Company undertook should be performed. The written contract called for the removal of the timber from the north half of section four and all parties agree that this is the land owned by Robinson and from which he wished the timber removed.

At the request of appellee, the court gave an instruction, numbered 3, which reads as follows: "If you find for the plaintiff you will find for him in the sum of $600.00, with interest thereon at the rate of six per cent. per annum from June 5, 1912, to the present time."

It is earnestly insisted that this was an erroneous instruction, and we agree with appellants in this contention. It is insisted that it appears from the language of the bond itself that it is a penalty contract. It is recited in the bond that the principal and surety are "held and firmly bound in the penal sum of $600.00." The use of this word "penal" is not controlling, yet it must be considered in determining the intention of the parties to that contract. *Tayloe* v. *Sandiford*, 7 Wheat. 13.

There are a great many cases which distinguish between penalties and provisions for liquidated damages, and several of these cases are found in our own reports. The rule is settled that in the interpretation of such contracts we must place ourselves in the position of the contracting parties and view the subject-matter of their contract prospectively and not retrospectively.

(2-3) There is an increasing tendency on the part of the courts to construe such contracts as stipulations for liquidated damages rather than as agreements for penalties. *Sun Printing & Pub. Association* v. *Moore*, 183 U. S. 642. And such contract should be so construed where, from a prospective view of the contract, it appears that it was contemplated that damages would flow from a failure to perform the contract, that such damages would be indeterminate or difficult of ascertainment, and that the sum named bears some reasonable proportion to the damages which the parties contemplated might flow from a failure to perform. Another test frequently applied in determining whether a contract should be construed as containing a penalty, or as providing for liquidated damages is this: Was it contemplated that the contract might be substantially performed, or that there might be a total failure to perform, and would the same sum be recoverable in either case? Where the contract's

provisions answer this question affirmatively, it is construed to be a penalty.

A case very similar on the facts, and one which announces the principle which controls here, is that of *Stillwell* v. *Paepcke-Leicht Lumber Co.*, 73 Ark. 432.

(4) Another instruction given by the court reads as follows: "Plaintiff sues to recover damages for an alleged breach of the written contract offered in evidence. The execution of the contract is admitted. That being true, the burden is on the plaintiff to show that there was a breach of the contract, and that he was damaged as a result thereof, before he can recover." The effect of the two instructions when read togther is to tell the jury that they need only find that there was some breach of the contract and some damage as a result thereof, in which event they should find for the plaintiff in the full amount of the bond. The bond so construed would permit a full recovery of the sum named for any failure to perform, however slight, within the time limited, and when so construed it becomes a penalty, for here the damages are not difficult of ascertainment, indeed appellee insists that the judgment should not be reversed, because they are proved, and are shown to exceed the judgment recovered.

The judgment will be reversed and remanded, and the instruction on the question of damages so modified, as to permit the recovery, only, of such damages as the proof shows appellee sustained by any failure to perform the contract.