Louis SIMON and Ano., Respondents, *v.* MAX LINDEN, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1919.)

Contracts — breach of — liquidated damages.

> Where defendant in writing agreed to give his entire time and attention as a designer in the factory of plaintiffs to their entire satisfaction, in consideration of $130 weekly, and not to associate and interest himself in any other business, and in and by said agreement the sum of $1,000 was fixed as liquidated damages for defendant's failure to fulfill his part of the agreement, and the day after it was entered into he refused to do any work thereunder, and there is nothing to suggest that the amount fixed was intended to be a mere penalty, and the damages flowing from the breach of the agreement are practically incapable of ascertainment, the plaintiffs are entitled to recover damages at the amount fixed.

APPEAL by defendant from a judgment of the City Court of the city of New York, in favor of plaintiffs, entered upon the direction of a verdict, and from an order denying a motion for a new trial.

I. Gainsburg (I. Maurice Wormser, of counsel), for appellant.

Breitbart & Breitbart (Bernard Breitbart, of counsel), for respondents.

BIJUR, J.  Practically nothing but formal proofs were offered at the trial, and the appeal presents merely a question of law.

The plaintiffs and defendant on September 24, 1918, entered into a written agreement whereunder the plaintiffs engaged the defendant as a designer in their factory at $130 weekly for one year beginning October seventh. The defendant accepted the position and agreed " to give his entire time and attention to the entire satisfaction " of plaintiffs. Also " not to associate or interest himself in any other business whatsoever." One thousand dollars was fixed as liquidated damages " for his failure to fulfill his part of this contract." It was conceded that the next day the defendant returned the contract and refused thereafter to do any work for the plaintiffs.

The appellant now urges that under the agreement he agreed to do " various acts of varying degrees of importance," namely, (1) to work as a designer; (2) to give his entire time, etc.; (3) not to interest himself in any other business. Appellant then urges that the law is well settled that when a single sum is made payable by way of alleged compensation upon the occurrence of one of " several acts of varying degrees of importance, some of which may occasion serious damage, others slight damage, others no damage to speak of at all, it will be legally presumed that the sum named is a penalty." I quite agree with the correctness of the principle stated which we had occasion to approve and apply in *Fleisher* v. *Friob,* 97 Misc. Rep. 343; affd., 177 App. Div. 921. The difficulty, however, is that the present case presents no such situation. In the first place, regardless of the form in which the contract was cast the three alleged acts " of varying degrees of importance " which it is claimed defendant agreed to per-

form are merely details of his single obligation, to act as designer for the plaintiffs for the term named. If, however, they could by any possibility be regarded as different acts, then I think the reasoning in *Brownold* v. *Rodbell,* 130 App. Div. 371, would apply, namely, that the stipulated damages were intended to apply only to a breach of the contract as a whole. See also *Cotheal* v. *Talmadge,* 9 N. Y. 551; *Clement* v. *Cash,* 21 id. 253.

The rule of construction cited, therefore, which has been frequently applied, notably in *Lampman* v. *Cochran,* 16 N. Y. 275, and *Wilhelm* v. *Eaves,* 21 Ore. 194; 26 Pac. Rep. 1053, has no bearing upon the instant case.

It was also urged upon the argument of this appeal that it must be apparent that the plaintiffs would suffer infinitely greater damage from a total breach of the contract by the defendant during the first few weeks of the term than they would if it occurred in the last few weeks, and that consequently, by parity of reasoning to the rule just stated, the sum fixed in the contract should be interpreted as a penalty. As pointed out in the *Fleisher Case, supra,* that point has apparently never been decided. It is quite possible that the reason for the absence of any such decision is that the case suggested cannot as matter of fact arise. It certainly is not presented in the instant case, for it is by no means apparent that a refusal of the defendant to perform the contract in the early weeks of the term would cause greater damage to plaintiffs than a similar breach toward the end of the term. Indeed, the contrary might very well be true either by reason of the greater ability in view of labor conditions to replace the defendant as employee at the earlier date, or owing to a greater volume of business at the later time. These considerations may have

been, and quite possibly were, in the minds of the parties among the reasons why the exact amount of damages could not well be ascertained or determined.

We have here then provision made for the payment of a fixed sum as liquidated damages for the breach of an entire agreement and not for the failure to perform separate acts thereunder of varying degrees of importance. There is also the patent fact that the damages to flow from this breach — which would at all times be of the same character — would be practically incapable of ascertainment, and might vary according to the time and circumstances of the breach. In my opinion this presents the precise occasion for the establishment of liquidated damages between the parties and for the correct interpretation, as such, of provision expressly made therefor.

An appeal is also presented for our consideration from an order denying defendant's motion for a new trial on the ground of newly discovered evidence. This is based on testimony given by one of the plaintiffs to the effect that in September, 1918, they employed but one designer, namely, the defendant, whereas defendant now claims to have ascertained since the trial that another designer was also employed at that time. The dates involved in this motion are not very clear and might give rise to some doubt as to the general merits of the point involved provided it were material. I cannot see, however, what bearing it has upon the interpretation of the contract. Moreover it was defendant's counsel who at the trial successfully prevented the plaintiffs from proceeding with this line of testimony by which apparently plaintiffs desired to show that defendant's work was "unique or out of the ordinary," the court below ruling that the facts in this regard were immaterial. I am unable to understand how the decision of the

question involved in the action can be affected by the fact that plaintiffs employed one, two or three designers. It is perfectly clear that defendant's refusal to perform his contract might inflict serious damage upon the plaintiffs, and in the absence of any evidence offered by the defendant or otherwise to the effect that such damage would have appeared to the parties at the time of the making of the contract to have been utterly disproportionate to the amount fixed as liquidated damages (*Fleisher* v. *Friob, supra,* 353), there is nothing to suggest that the amount fixed was intended to be a mere penalty. We need not discuss, therefore, whether the testimony now sought to be offered is " newly discovered " in the technical sense or not, as it would plainly be unavailing to affect the result.

The judgment and order respectively should be affirmed, with costs, and order denying motion for a new trial upon newly discovered evidence affirmed, with ten dollars costs and disbursements.

GUY and DELEHANTY, JJ., concur.

Judgment and order affirmed, with costs.