Argued April 10, affirmed July 17, 1928.

WALTER SECORD *v.* PORTLAND SHOPPING NEWS ET AL.

(269 Pac. 228.)

For appellants there was a brief over the name of *Messrs. Beck & Hoecker,* with an oral argument by *Mr. M. B. Meacham.*

For respondent there was a brief and oral argument by *Mr. Samuel B. Weinstein.*

ROSSMAN, J.—Defendants contend that the evidence fails to disclose that the plaintiff complied with

his contract by producing 280 inches of advertising; that it establishes that the plaintiff was disloyal to his employer, and that it fails to prove that the defendant, "Portland Shopping News," breached its contract. We have carefully read the testimony and have examined the exhibits. Our conclusions upon these assignments of error are adverse to the defendants.

■■■ The contract reserved to the employer a privilege to terminate the contract and pay to the plaintiff the sum of $1,000. We believe that it is clear that the employer elected to terminate the plaintiff's services. But the defendants argue that the stipulation for payment of the sum of $1,000 is in the nature of a penalty. The plaintiff contends that this provision of the contract liquidates the damages. It is, of course, well established that a contract may fix the sum to be paid in the event of a breach, provided the sum is in fact compensation for damages. But, generally, a contract cannot embrace a penalty so as to render performance more certain: *Yuen* v. *Fleshman,* 65 Or. 606 (133 Pac. 803, Ann. Cas. 1915A, 1072); 17 C. J., Damages, § 232. In determining whether any particular stipulation is to be regarded as one fixing a penalty, or whether it really liquidates the damages, the adjudicated cases present us with an abundance of rules to guide our determination. For instance, the situation must be appraised as of the time when the contract was effected, and not as it appears at some other time: *Baltimore Bridge Co.* v. *United R. etc. Co.,* 125 Md. 208 (93 Atl. 420). It is well settled that in the determination of the problem the court should consider all of the circumstances which surrounded the parties, together with the ease or difficulty of measuring the

breach in damages. A comparison of the size of the stipulated sum not only with the value of the subject matter of the contracts, but also with the probable consequences of the breach as they appeared when the contract was executed may be helpful: 17 C. J., Damages, § 234. Mr. Justice BEAN in *Salem* v. *Anson,* 40 Or. 339 (67 Pac. 190, 91 Am. St. Rep. 485, 56 L. R. A. 169), well states another helpful rule in language which has been much quoted:

" * * When the actual damages in case of a breach of the contract must necessarily be speculative, uncertain, and incapable of definite ascertainment, the stipulated sum will be regarded as liquidated damages, and may be recovered as such without proof of actual damages, unless the language of the contract shows, or the circumstances under which it was made indicate, a contrary intention of the parties, or it so manifestly exceeds the actual injury suffered as to be unconscionable * * Where the damages are uncertain and speculative, the presumption ordinarily is that the parties have taken that into consideration in making the contract, and have agreed upon a definite sum to be paid in case of a breach, in order to put the question beyond dispute and controversy and to avoid the difficulty of proving actual damages."

In *Alvord* v. *Banfield,* 85 Or. 49 (166 Pac. 549), this court had recourse to another rule which is sometimes applied in an endeavor to ascertain whether the stipulated sum represents a penalty or actual damages:

" * * If there is an agreement for a fixed, unvarying sum, without regard to the date of the breach, when in the very nature of things the date of the breach would be all-important in determining the element of actual damages, the stipulation must be held to be one for a penalty."

Due to the difficulty of estimating the damages in employment contracts, stipulations of this nature are frequently favored in such contracts: 8 R. C. L., Damages, § 124; 17 C. J., Damages, § 256; *Simon* v. *Linden,* 107 Misc. Rep. 340 (176 N. Y. Supp. 491); *Bustonaby Bros.* v. *Rivardel,* 71 Misc. Rep. 207 (130 N. Y. Supp. 894); *Maisel* v. *Sigman,* 123 Misc. Rep. 714 (205 N. Y. Supp. 807). In the first two of the preceding cases the contract of employment fixed the sum of $1,000 as the damages. In the first case the term of employment was one year; in the second it was two years. Both allowed recovery.

It is also to be noticed that some of the former antipathy to these provisions which inclined courts at times, to construe them as stipulations for a penalty is modulating. Thus Mr. Justice CLARKE on behalf of the federal Supreme Court in *Wise* v. *United States,* 249 U. S. 361 (63 L. Ed. 647, 39 Sup. Ct. Rep. 303), expressed the changed attitude thus:

"The later rule, however, is to look with candor, if not with favor, upon such provisions in contracts when deliberately entered into between parties who have equality of opportunity for understanding and insisting upon their rights, as promoting prompt performance of contracts and because adjusting in advance, and amicably, matters the settlement of which through courts often involve difficulty, uncertainty, delay and expense."

See, also, *Montague* v. *Robinson,* 122 Ark. 163 (182 S. W. 558).

■ The application of these principles to the facts before us is not difficult. Both plaintiff and the defendant Marcus were men experienced in the advertising business. Marcus had a considerable advantage over the plaintiff because the former was

familiar with local conditions, and had been connected with a large publication in Portland for many years as advertising manager. Thus if they were not equal masters of the situation, as is suggested in *Hull* v. *Angus,* 60 Or. 95 (118 Pac. 284), and *Learned* v. *Holbrook,* 87 Or. 576 (170 Pac. 530, 171 Pac. 222), the advantage lay with the defendant. Then also since the transaction required the plaintiff to abandon a venture, he was about to undertake, assign valuable contracts for advertising to the defendant and enter the employ of the defendant, the measure of damage could not be easily estimated. We also believe that the contract graduates the damages according to the severity of the situation. Thus it makes a distinction between a termination by reason of plaintiff's failure to produce 200 inches and his failure to produce 280 inches. Likewise defendant could terminate the contract without any compensation to the plaintiff by completely quitting the publication business. In that event the parties evidently felt the plaintiff would venture into the business for himself and would be free from the defendant's competition; that would constitute compensation for him. We do not attach much importance to the time element, because of the peculiar circumstances of this case. As we have already observed, plaintiff's undertaking required him to abandon a venture he was about to launch; he also was required to assign to the defendant contracts for advertising space of three months or more duration, and further the success of his employment required him to procure advertising contracts running for long periods of time. Finally, when the plaintiff surrendered the Portland field to the defendant, his opportunities for securing a profitable employment of his talents were thereby

materially lessened. These factors reduce materially the importance of the time element. *Simon* v. *Linden, supra,* deals in an interesting manner with this same element in an employment contract.

It follows from the foregoing the judgment of the Circuit Court is affirmed. AFFIRMED.

RAND, C. J., and COSHOW and McBRIDE, JJ., concur.